'(February 3, 1898.)

## DUNNIWAY v. LAWSON.

[51 Pac. 1032.]

!APPROPRIATION OF WATER—FIRST IN TIME, FIRST IN RIGHT.—In case of conflict between the appropriators of water in a given stream, that appropriation that is first in time, is first in right. The decision in *Hillman v. Hardwick,* 3 Idaho, 255, 28 Pac. 438, cited and approved.

(Syllabus by the court.)

APPEAL from Third Judicial District, Idaho Territory, Custer County.

Hawley & Reeves, for Appellant.

No brief filed.

Texas Angel, for Respondent.

No brief filed.

HUSTON, J.—This case has been pending in this court since 1892, but owing to the fact that two members of this

court were disqualified to consider or decide the case, having been of counsel in the court below, it has remained undisposed of. The objection no longer existing, and the parties desiring a disposition of the case, it is submitted for decision. There is no bill of exceptions, no assignment of errors, and no briefs filed in the case, the statement containing upward of four hundred folios, a large portion of which is taken up with pleadings in the case. The court finds, as matter of fact, that the plaintiffs are entitled, as prior locators, to all the waters of Alder creek, the right to the waters of said creek being the sole question in litigation; that plaintiffs are the owners of twelve hundred and eighty acres of land, for the irrigation of which the waters of said Alder creek are necessary and used for that purpose. The court then proceeds, admittedly, without authority of law or precedent, and apportions to the defendants absolutely a certain amount of said water, and makes such apportionment to defendants coequal with the rights of plaintiffs, already found to be prior to those of defendants. The only question involved in this case was decided by this court in the case of *Hillman v. Hardwick*, 3 Idaho, 255, 28 Pac. 438. The district court, having found that plaintiffs were entitled, by virtue of a prior location, to the waters of Alder creek, and that they had been and were using the same in the irrigation of their land, should have stopped there, as that was the only question involved. The utmost extent to which the court had authority to go was to declare that such waters of Alder creek as were not necessarily required by plaintiffs in the proper and necessary irrigation of their land might be used by defendants, but that all rights of defendants to such water were and must remain inferior and subservient to the rights of plaintiffs. The case is remanded to the district court, with instructions to modify and reform the judgment and decree herein in conformity to this opinion, each party to pay one-half of the cost of the appeal.

Quarles, J., concurs.

Sullivan, C. J., having been of counsel in the lower court, took no part in the hearing or decision.