(December 19, 1899.)

## MAHONEY v. NEISWANGER.

[59 Pac. 561.]

APPROPRIATION OF WATER—PRIOR RIGHTS.—The right of a prior appropriator of water cannot be defeated to any portion thereof, on the ground that he has by reason of a mistake as to the location of his boundary lines used a portion of such waters upon other land than his own.

SAME—FIRST IN TIME FIRST IN RIGHT—BENEFICIAL USE.—Under the facts in this case, *held*, that the rights of plaintiff as prior locator have not been impaired by reason of his not having put the water appropriated by him to a beneficial use. The doctrine of *Hillman, v. Hardwick*, 3 Idaho, 255, 28 Pac. 438, and *Conant v. Jones*, 3 Idaho, 606, 32 Pac. 250, affirmed.

(Syllabus by the court.)

APPEAL from District Court, Ada County.

W. E. Borah and Wyman & Wyman, for Appellant.

The evidence shows that he plaintiff owns three hundred and twenty acres, and that there is only about seventy inches of water supplied by the springs. And even if he had not actual acreage sufficient to cover the entire seventy inches, he would have the right to increase his acreage from year to year, which the evidence all shows they were doing. (*Conant v.*

*Jones,* 3 Idaho, 606, 32 Pac. 250; *Hindman v. Rizor,* 21 Or.
112, 27 Pac. 13; *Simmons v. Winters,* 21 Or. 35, 28 Am. St.
Rep. 727, 27 Pac. 7.) The plaintiff derives no benefit what-
ever from any use that was made prior to his entry upon the
land, and took no rights by reason of any oral transfer made by
Carpenter; in fact, there was not even an oral transfer. Car-
penter simply relinquished to the government and Neiswanger
went upon the land. (*McGinnis v. Stanfield,* ante, p. 372,
55 Pac. 1020; *Ada Co. Irr. Co. v. Farmers' Canal Co.,* 5
Idaho, 791, 51 Pac. 990.) One of the controlling features of
this case is that the defendant Neiswanger took all his alleged
rights with the positive notice that every inch of that water
which the spring supplied had been actually appropriated and
claimed for the Dorsey ranch alone. This point is illustrated
in the case below. (*Last Chance Co. v. Bunker Hill Co.,* 49
Fed. 430.) Neiswanger could acquire no rights until his en-
try, February 8, 1898. (*Rourke v. McNally,* 98 Cal. 291, 33
Pac. 62; *Atherton v. Fowler,* 96 U. S. 513; *Denver v. Mullen,*
7 Colo. 345, 3 Pac. 693; *St. Onge v. Day,* 11 Colo. 368, 18
Pac. 278; *Quimby v. Conland,* 104 U. S. 420; *Durand v.
Martin,* 120 U. S. 366, 7 Sup. Ct. Rep. 587.) The right to
water acquired by prior appropriation is not dependent upon
the place where the water is used. A party having obtained a
prior right to the use of a given quantity of water is not re-
stricted in such right to the use or place to which it was first
applied. (*Union Mill Co. v. Danbury,* 81 Fed. 155; *Hobart
v. Wyck,* 15 Nev. 418; *Ramelli v. Irish,* 96 Cal. 214, 31 Pac.
41; *Davis v. Gale,* 32 Cal. 27, 91 Am. Dec. 554.) A party
need not apply all the water sought to be appropriated or
diverted the first year. He may add from year to year acreage
of his cultivated land and increase his application of water
thereto as necessity may demand and his abilities permit,
until he has put into beneficial use the entire amount of water
at first diverted. (*Conant v. Jones,* 3 Idaho, 606, 32 Pac.
250.) Original appropriation may be made with reference to
the amount of water that is needed to irrigate the lands he
desires to put into cultivation. (*Simmons v. Winters,* 21 Or.
35, 28 Am. St. Rep. 727, 27 Pac. 7; Pomeroy on Riparian
Rights, sec. 47.)

Hawley & Puckett and J. H. Richards, for Respondents, cite no authorities on the points decided not cited by appellant.

HUSTON, C. J.—This action was brought by the plaintiff to settle the right to certain waters to which both plaintiff and defendants assert claims. From the judgment of the district court, as well as from the order denying a new trial, plaintiff appeals.

The district court finds that the plaintiff and his predecessors in interest own and have been in possession of three hundred and twenty acres of land, as claimed in his complaint; that the same have been owned and possessed by plaintiff and his predecessors in interest since 1870; that in 1870 the predecessor in interest of the plaintiff appropriated forty inches of the waters in dispute, and diverted them to and upon the said lands. Said court also finds that in the month of May, 1893, the predecessor in interest of the defendants appropriated twenty-five inches of said water for use upon the lands owned by them, and the judgment of the district court is based upon such findings. It seems from the evidence that the water in question flows from certain springs upon the land of the defendant Jones, lying adjacent to the lands of plaintiff, but which lands were a part of the public domain at the time the predecessors of the plaintiff located and appropriated said waters. It appears that from 1870 until 1897 the plaintiff and his predecessors in interest used the entire volume of water flowing from said springs in irrigating the lands cultivated by them, but that—as very frequently occurs in this country—the lines of survey not yet being established, or, if established, not clearly understood, the plaintiff's predecessors had conducted a part of said waters upon some adjoining land not included in the tract owned by them. The tract so included (as shown by the map in evidence) amounted to something over twenty acres, and is a part of the tract of land now owned by the defendants, and of which their predecessor became possessed in 1893. There is no question but the running of the waters upon the lands now owned by the defendants occurred through a mistake as to the location of the lines of plaintiff's lands. The con-

tention of counsel for respondents that the defendants could acquire any right or title to the water by reason of this mistake, we cannot agree with. We know of no principle of law or equity that will support such a claim. It is claimed by respondents that plaintiff has not put the entire waters of said springs to beneficial use; that the entire flow of water from said springs is some seventy inches; that it requires about one inch to the acre to properly irrigate land in that locality; that plaintiff nor his predecessors have ever had sufficient land under cultivation to require seventy inches of water. Undoubtedly, under our constitution and statutes, the appropriation of waters from any stream in this state must, to entitle a party to maintain his right thereto, be subjected and applied to some useful or beneficial purpose. At the time when the waters in question were first appropriated by the predecessors of plaintiff, to wit, in the year 1870, they were the owners of and in the possession and occupancy of three hundred and twenty acres of arid land, for the purpose of irrigating which they appropriated all the waters flowing from the said springs. They constructed ditches for the purpose of conveying said waters upon their land, which ditches were of a capacity sufficient to carry all the waters flowing from said springs, and, as the evidence clearly shows, have continued to use all of said waters upon their lands from that time, with the single exception of so much thereof as was by mistake used by them upon the lands subsequently acquired by the defendants. In *Hillman v. Hardwick,* 3 Idaho, 255, 28 Pac. 438—a case in which the facts were in some particulars similar to those in the case at bar—we held, under the statutes of Idaho, which provide (section 3159 of the Revised Statutes of Idaho), "as between appropriators, the one first in time is first in right," that H. who, and his grantors, appropriated first all the waters of Gooseberry creek, and has continually used same for the purpose of irrigating the lands owned by him upon and along said creek, is entitled to all of said waters, to the extent of the capacity of his ditches, necessary to the proper irrigation of his said lands, as against subsequent locators. (See, also, *Conant v. Jones,* 3 Idaho, 666, 32 Pac. 250.) We are unable to find from the

record that the defendants or their predecessors in interest ever acquired, by location or appropriation, any right to any of the waters in dispute. Their attempt to predicate a right to any portion of said waters by reason of the mistake of plaintiff and his predecessors, as hereinbefore stated, cannot obtain. Several witnesses, who have been acquainted with the lands of plaintiff from the present time back to 1870, and most of whom have worked thereon at various times between those dates, state emphatically that, with the exception of the mistake before referred to, all the waters appropriated by the predecessors of plaintiff have been continuously used upon the lands of plaintiff, except when interfered with by defendants, and are necessary for the proper irrigation thereof. There are some other questions presented by the record, but we do not deem it necessary to pass upon them, as they do not affect the decision. Under the rule laid down by this court in *Hillman v. Hardwick* and *Conant v. Jones, supra,* we are unable to sustain the conclusions of the district court in this case. The judgment of the district court is reversed, with costs to appellant. Cause remanded for further proceedings in accord with this opinion.

Quarles and Sullivan, JJ., concur.