240 P.2d 480

UHRIG et al. v. COFFIN et al.

No. 7801.

Supreme Court of Idaho.
Jan. 30, 1952.

Joseph McFadden, Hailey, Clifford E. Fix and Parry, Keenan, Robertson & Daly, Twin Falls, for appellants.

James, Shaw & James, Gooding, for respondents.

GIVENS, Chief Justice.

Appellant Beecher contracted to purchase a 240-acre farm from appellant Uhrig, and is now in possession thereof, and "appellant" as used hereafter will refer to appellant Beecher.

Respondents Lawsons own a 160-acre farm immediately north. Both farms are on the west side of and adjacent to Wood River, shortly above Stanton's Crossing.

Respondents Coffin and Kulp are parties pro forma, merely because of their respective official positions.

The Frost Decree, December 13, 1909, adjudicating the waters of Wood River, gave appellant's lands 180 inches, priority June 1, 1884, and respondents' 100 inches, priority May 15, 1891. Appellant and respondents and their predecessors have jointly used a ditch for their decreed water taken out of Wood River about two miles northeast of their respective lands. This ditch, in traversing intermediate lands belonging to one Lete, accumulates by reason of springs and seepage therein considerable augmented water which the Court found varied in amount, dependent upon time and circumstances, from very little up to 300 inches. The Court also found that until the 1891 water right is cut off, appellant and respondents had divided the decreed and augmented water at a point on respondents' lands about 300 feet north of appellant's northeast forty, one-third to respondents and two-thirds to appellant, approved in the decree without objection; that after the 1891 rights are cut off appellant and his predecessors in interest have used and claimed all water in the ditch, both his 1884 right and the accumulation.

July 1948 respondents asserted they were entitled to at least one-third of this accumulated water and the ensuing controversy resulted in a suit by plaintiffs to quiet their title to 360 inches of the augmented water after the 1891 water is cut off, and an injunction (so issued) restraining respondents from using any of the augmented water during such period.

Following the trial the Court found appellant's decreed water is inadequate to properly irrigate his land during the whole season and that there is needed and required on his lands some of the augmented flow, and: "That plaintiffs and their pred-

274

ecessors in interest in the manner and at the times aforesaid beneficially and sufficiently used 100 inches (2 sec.-ft.) of the augmented flow of the said ditch, whenever available, in addition to their said decree of 180 inches of 1884 water, and are entitled to a supplementary decree of 100 inches of the seepage water hereinabove mentioned with a priority date of May 1, 1910." Finding X.

It will be noted the 100 inches was expressly awarded, whenever available, in addition to the decreed right of 180 inches.

The Court found that 171 acres of appellant's lands were susceptible to and had been irrigated, various crops being raised and grown thereon; thus, though not specifically finding the duty of water, Finding No. X above quoted, in effect held that the duty of water for appellant's land was 1.64 inches. Appellant contends that inasmuch as all of the augmented water has been used on his lands and that there was testimony of witnesses on his behalf, the duty of water was as high as three inches, the evidence does not support the decree in limiting his priority of this augmented water to 100 inches, but should have been 300 inches.

Many factors enter into a determination of the duty of water, which is based upon two primary considerations: beneficial and economical use. The determination of this question is the determination of a fact. Hillman v. Hardwick, 3 Idaho

(Hasb.) 255, 28 P. 438; Kirk v. Bartholomew, 3 Idaho (Hasb.) 367, 29 P. 40; Farmers' Cooperative Ditch Co. v. Riverside Irr. Dist., 16 Idaho 525, 102 P. 481; Lee v. Hanford, 21 Idaho 327, 121 P. 558; Washington State Sugar Co. v. Goodrich, 27 Idaho 26, 147 P. 1073; Beasley v. Engstrom, 31 Idaho 14, at page 18, 168 P. 1145; Reno v. Richards, 32 Idaho 1, 178 P. 81.

The evidence was voluminous and undoubtedly different inferences and implications could be drawn therefrom in regard to the character of the soil, the amount of water necessary, particularly with regard to the head required to cover appellant's land and what portion thereof could profitably be irrigated and the amount, if any, of water that had been wasted. The learned trial Judge viewed and carefully inspected the premises and while such is not a substitute for nor may be considered as evidence, Tyson Creek R. R. Co. v. Empire Mill Co., 31 Idaho 580, 174 P. 1004, such viewing and inspection are to be considered in determining the weight and applicability of the evidence. Department of Finance v. Union Pac. R. R. Co., 61 Idaho 484, 104 P.2d 1110.

The finding and conclusion that only 100 inches in addition to the 180 inches could beneficially and economically be used, are reasonably supported by the record. Allen v. Petrick, 69 Mont. 373, 222 P. 451; Witherill v. Brehm, 207 Cal. 574, 279 P. 432.

However, the inescapable conclusion from the wording of the finding is that 280 inches of water could be and had been beneficially used on appellant's lands and was necessary and there is no finding and no intimation in the record there would be any difference with regard to the necessity for this amount of water before or after the 1884 right is cut off. The record shows the 1884 water, between 1935 and 1948 inclusive, had been cut off nine times between July 16 and September 8 and not cut five times; thus, the use of the augmented water after such cuts to supply the full 280 inches found by the Court to be necessary for the adequate irrigation of appellant's lands is vital, and therefore, must be protected. Rudge v. Simmons, 39 Idaho 22, 226 P. 170.

Therefore, the decree should be modified to provide that the limit of 100 inches of augmented water prevails only until the 1884 water is cut off and after that appellant should be entitled to 280 inches of the augmented flow. Moe v. Harger, 10 Idaho 302, 77 P. 645; Muir v. Allison, 33 Idaho 146, 191 P. 206; McGlochlin v. Coffin, 61 Idaho 440, 103 P.2d 703; Beecher v. Cassia Creek Irr. Co., 66 Idaho 1, 154 P.2d 507.

"The utmost extent to which the court had authority to go was to declare that such waters of Alder creek as were not necessarily required by plaintiffs in the proper and necessary irrigation of their land might be used by defendants, but that all rights of defendants to such water were and must remain inferior and subservient to the rights of plaintiffs." Dunniway v. Lawson, 6 Idaho 28, at page 29, 51 P. 1032.

"'The fundamental principle of equity in relation to judgments is that the court shall determine and adjust the rights and liabilities concerning or connected with the subject-matter of all the parties to the suit, and shall grant the particular remedy appropriate in amount and nature to each of those entitled to any relief, and against each of those who are liable, and finally shall so frame its decree as to bar all future claims of any party before it which may arise from the subject-matter, and which are within the scope of the present adjudication.' 1 Pom.Eq.Jur. #115." Union Mill & Mining Co. v. Dangberg, C.C., 81 F. 73, at page 119.

"While no case in this court may have required the announcement, it seems, both upon principle and authority, that one may make a prior appropriation of a certain quantity of water to be enjoyed for a designated period of time, and another person an appropriation of a like quantity from the same source during another period, and, as to the same, be a prior appropriator himself. In other words, there is no difference in principle between 'an appropriation measured by quantity and an appropriation measured by time.' Kin.Irr. § 177 et seq., and cases cited; Black, Pom.Water Rights, §§ 69, 91, 92, and cases cited; Barnes v. Sabron, 10 Nev. 217; Smith v. O'Hara, 43 Cal. 371, and cases cited." Cache La Poudre Reservoir Co. v. Water Supply &

Storage Co., 25 Colo. 161, 53 P. 331, at page 333, 46 L.R.A. 175, 71 Am.St.Rep. 131; Wiggins v. Muscupiabe Land & Water Co., 113 Cal. 182, 45 P. 160; 32 L.R.A. 667, annotation 913; 54 Am.St.Rep. 337.

Thus modified, the decree is affirmed. Each party is to pay their own costs.

PORTER, TAYLOR, THOMAS and KEETON, JJ., concur.