GUSTAVE A. WESTERGREN and AMELIA M. WESTERGREN, Plaintiffs, v. HOWARD KING, JR., Defendant.

(*July* 28, 1953.)

TERRY, J., sitting.

*Samuel R. Russell* (of the firm of Tunnell and Tunnell) for the plaintiffs.

*Houston Wilson* for the defendant.

Superior Court for Sussex County, No. 81, Civil Action, 1953.

TERRY, J.:

Prior to the enactment of Section 72 it was the settled law in this State that the owner of an automobile was not liable for damages negligently caused by another in the use of the owner's automobile with the owner's consent and not on the owner's business (bailor-bailee relationship). This rule, however, was changed under the provisions of the foregoing enactment by making the owner liable jointly and severally for any damages negligently inflicted by a minor under the age of 18 years while using the owner's automobile for purposes of his own and with the owner's consent.

Conceding *arguendo* that the language used in Section 72, *supra*, is free from ambiguity with respect to the several and joint liabilities of the owner and the minor under the age of 18 years to a third person who has sustained damages by reason of the minor's negligent operation, nevertheless may it be reasonably inferred from the same language that the Legislature intended the negligence of the minor to be imputed to the owner, thus constituting a bar to the owner's recovery in an action by him against a negligent third party?

The question to be determined has not been previously decided in this jurisdiction. The decisional law in other jurisdictions where statutes have been enacted with a marked similarity to ours is in sharp conflict.

The Courts of Iowa under Section 5026 of the *Iowa Code*, 1927,[1] have taken the position that the language employed in said section is sufficiently broad to cover all of the legal relations of principal and agent, master and servant, and bailor and bailee. In the case of *Secured Finance Co. v. Chicago Rock Island & Pacific Railway Co.*, 207 *Iowa* 1105, 224 *N. W.* 88, 89,

---

[1]Section 5026, *Iowa Code*, 1927: "In all cases where damage is done by any car driven by any person under fifteen years of age and in all cases where damage is done by the car, driven by consent of the owner, by reason of negligence of the driver, the owner of the car shall be liable for such damage."

61 *A. L. R.* 855, the Supreme Court of Iowa approved one of its former decisions under the statute as previously announced by it in the case of *Maine v. James Maine & Sons Co.,* 198 *Iowa* 1278, 201 *N. W.* 20, 37 *A. L. R.* 161. In that case it was held that "The statute defines a new relation or situation of the parties, where a liability on the part of one for the negligence of the other shall exist. In effect, it makes the one who uses an automobile with the consent of the owner, the agent of the latter. It may be said to be a statutory extension of the doctrine of *respondeat* superior to a relation to which, under the common law, it did not apply, or to create a liability on the part of one for the negligent act of the other, analogous to that expressed in that phrase." Further, "it naturally follows that if the statute creates the relation of principal and agent, then the rule is too well settled to need support of authority that the negligence of the agent is imputable to the principal." Thus, the Court concluded that since the relationship of principal and agent exists between the owner and the operator under the provisions of the Iowa statute it necessarily follows that the contributory negligence of the operator of the owner's automobile in case the automobile is damaged by a negligent third person is imputable to the owner thereof.

A contrary view will be found in the decisional law of Minnesota and New York under statutes similar to Iowa's and ours.[2] The substance of these holdings is to the effect that the statutes do not change the common law rule respecting the owner's right to recover from third persons, nor may they in cases simi-

---

[2]*McKinney's Consolidated Laws of New York*, Book 62-A, c. 71, Vehicle and Traffic Law, § 59: "Every owner of a motor vehicle or motor cycle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle or motor cycle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner. * * *"

M. S. A. § 170.54: "Whenever any motor vehicle * * * shall be operated upon any public street or highway of this state by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof."

lar to the present case be invoked for the purpose of imputing the operator's negligence to the owner. They are said to be applicable for that purpose only in actions brought by third persons against the owner. *Webber v. Graves,* 234 *App. Div.* 579, 255 *N. Y. S.* 726; *Mills v. Gabriel,* 259 *App. Div.* 60, 18 *N. Y. S.* 2d 78, affirmed 284 *N. Y.* 755, 31 *N. E.* 2d 512; *Jacobsen v. Dailey,* 228 *Minn.* 201, 36 *N. W.* 2d 711, 11 *A. L. R.* 2d 1429; *Kernan v. Webb,* 50 *R. I.* 394, 148 *A.* 186.

Section 72, aforesaid, appears under Section 5710 of the *Revised Code of Delaware,* 1935, and was re-enacted in identical language under Section 6106 of Chapter 61, Title 21, of the *Delaware Code of* 1953—approved by the Governor February 12, 1953.

Our statute is silent with respect to the imputation of the negligence of the minor to an owner who sues a third person to recover damages sustained by the owner as a result of a collision due to the third person's negligence. Thus, the question is presented: Does the statute making the owner of an automobile liable for the negligence of a minor driving the automobile for his own purposes and with the consent of the owner impute the minor's contributory negligence to the owner where the owner sues a negligent third person to recover damages sustained by him? In other words, does the language employed not only make the owner liable to third persons for the minor's negligence, but, also, at the same time, preclude the owner from recovering against negligent third persons where the minor has been guilty of contributory negligence?

It is a mere truism, but one always to be kept in mind in construing statutes, that the aim and purpose of construction is to give effect to the legislative intent. In construing enactments the words and sentences therein used are to be understood in no abstract sense, but are to be construed in the light of their text which communicates meaning and color to every part. It is clear that the legislative purpose in enacting Section 72 was to make the owner of an automobile liable to third per-

sons because of the negligent operation of minors upon public highways of this State where no such liability would otherwise exist. When so construed I find the language of the statute to mean that the Legislature intended that a minor causing an accident by reason of negligent operation shall be treated as if he was the agent of the owner, but only for the purpose of holding the owner liable to third persons injured by the minor's negligence. To conclude otherwise by indicating that a general agency existed between the owner and the minor would be but a judicial extension of the scope intended.

In my opinion the provisions of Section 72 have not altered or changed in any fashion the common law rule respecting an owner's right to recovery from a negligent third person under circumstances such as disclosed in the present case. The imputation of a minor's negligence to an owner under this statute is applicable only in actions brought by a third person against the owner. The statute cannot be invoked for the purpose of imputing the contributory negligence of the minor to the owner in an action brought by the owner against an alleged negligent third party.

While not affecting this question, yet interesting to note, the Legislature in July of this year amended Section 6106 of Title 21 of the *Delaware Code of* 1953 by substituting a comma for the period at the end of the paragraph and adding thereafter the following:

"and the negligence of such minor shall be imputed to such owner or such person for all purposes of civil damages."

The motion of the plaintiffs to dismiss the third defense is granted. An order will be signed accordingly.