386 P.2d 967

**Winniferd Jones BUSH, Plaintiff-Appellant,**

v.

**William OLIVER, Defendant-Respondent.**

**No. 9375.**

Supreme Court of Idaho.

Nov. 20, 1963.

John A. Ferebauer and George L. Barnard, Idaho Falls, for appellant.

Hugh C. Maguire, Jr., Pocatello, for respondent.

KNUDSON, Chief Justice.

Plaintiff-appellant, Winniferd Jones Bush, commenced this action to recover damages for personal injuries to herself and property damage to her automobile. Her complaint alleges that on November 3, 1960, William Oliver, defendant-respondent, while operating an automobile owned by appellant and in which appellant was riding, negligently operated said vehicle so as to result in damage to the car and personal injury to appellant. Her complaint also contains allegations charging respondent with acts of negligence; nature of damages and demand for judgment.

Respondent moved to dismiss the complaint on the ground that the same failed to state a claim upon which relief could be granted. The motion was granted and appellant was permitted to amend. The only material difference between the original and the amended complaint is that in

the latter appellant alleges the respondent's acts to be gross negligence. Respondent's motion to dismiss the amended complaint for the reason that it failed to state a claim upon which relief could be granted was sustained without leave to amend further, and this appeal is from the judgment of dismissal entered.

The memorandum decision discloses that the district court considered that the action was barred by the provisions of I.C. § 49–1404, the pertinent portion of which is as follows:

> "1. Every owner of a motor vehicle is liable and responsible for the death of or injury to a person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, expressed or implied, of such owner, and the negligence of such person shall be imputed to the owner for all purposes of civil damages."

The issue here involved may be stated as follows: Does I.C. § 49–1404(1) bar an action by the owner of an automobile against the driver of said automobile for personal injuries and property damage caused by the negligence of the driver while operating the car with the permission of the owner who is a passenger in such automobile? The question to be determined has not been previously decided in this jurisdiction.

Respondent calls attention to only two cases, namely: Gilbertson v. DeLong, 7 Cir., 301 F.2d 284, which had to do with the interpretation of a Wisconsin statute providing that the negligence or misconduct of a person under 18 years of age while operating a motor vehicle upon the highways is imputed to the person who signed the application for such person's license; and Girard Trust Corn Exchange B. v. Philadelphia Transp. Co. (1963), 410 Pa. 530, 190 A.2d 293, which involved a question of imputation of a driver's negligence to a passenger who had the right to exercise control over the driver's actions. Neither of said cases are concerned with a statute similar to I.C. § 49–1404(1), nor are they in point regarding the issue here presented.

The courts of a number of states have had occasion to construe statutes which would be considered substantially similar to I.C. § 49–1404(1), if the last phrase thereof, "*and the negligence of such person shall be imputed to the owner for all purposes of civil damages,*" were deleted. The decisional law in such jurisdictions is in sharp conflict.

In this connection attention is called to Westergren v. King, (1953), 9 Terry 158,

48 Del. 158, 99 A.2d 356, wherein the following quoted statute was considered:

"Sec. 72. Liability of owner for negligence of minor. Every owner of a motor vehicle who causes or knowingly permits a minor under the age of 18 years to drive such vehicle upon a highway, and any person who gives or furnishes a motor vehicle to such minor, shall be jointly and severally liable with such minor for any damages caused by the negligence of such minor in driving such vehicle."

The question presented was whether the contributory negligence of a permissive operator of an automobile is imputed to its owner in a case where the owner sues a negligent third person for damages to his automobile resulting from a collision. The court concluded that the contributory negligence of the operator was not, under such statute, imputable to the owner. In York v. Day's, Inc. (1958), 153 Me. 441, 140 A.2d 730, the supreme judicial court of Maine arrived at a like conclusion.

A contrary view is expressed by the supreme court of Iowa in Maine v. James Maine & Sons Co., 198 Iowa 1278, 201 N.W. 20, 37 A.L.R. 161, wherein a statute similar to the foregoing quoted Delaware statute was being considered. In Webb v. Elmira Water, Light & R. Co. (1932), 144 Misc. 506, 258 N.Y.S. 892, the statute there being considered provided, Vehicle and Traffic Law, § 59:

" 'Every owner of a motor vehicle or motor cycle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle or motor cycle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner. * * * ' "

In said case the plaintiff was a passenger in her own automobile which was being driven by the defendant with her consent. The court held that the negligence of the driver was not to be imputed to the owner so as to defeat the owner's action against the driver.

The controversy here involved centers around the phrase, "and the negligence of such person shall be imputed to the owner for all purposes of civil damages," contained in our said statute. Appellant contends that such statute is for the protection of third persons and applies only where third persons have been injured or damaged by the negligence of a driver who is not the owner of the vehicle involved. Respondent contends that it applies in all cases for civil damages involving motor vehicles operated upon the public highways.

It is a well-recognized rule of law that a section of the statute should be construed in the light of the purpose for which the legislature enacted the particular act, of

which such section is a part. Colburn v. Wilson, 24 Idaho 94, 132 P. 579. Parts of a statute are not to be viewed in isolation, but should be construed as a whole.

■ I.C. § 49–1404 was enacted in 1947 amending chapter 9 of title 48, Idaho Code Annotated, entitled "Tort Liability of Owners". The title to the amending act (Chap. 91 Session Law 1947) provides, "That private owners of motor vehicles shall be responsible in civil damages for the negligent operation of said motor vehicles by any person with the permission, expressed or implied, of said owner." The act further provides limitations upon such owner's liability; recourse by the owner against the operator; that the operator shall be made a party defendant if personal service can be had upon him in this state and upon recovery of judgment recourse shall first be had against the property of the operator so served; the owner is subrogated to all of the rights of the person injured and may recover from the operator the total amount of any judgment and costs recovered against the owner.

The authority under this statute for the owner to recoup his loss in an action against the negligent permittee clearly discloses that as between the owner and the negligent permittee the obligation of the operator is primary and that of the owner secondary. If respondent's interpretation prevailed, the owner would be barred from recovery for driver's negligence and the driver would be permitted to defeat an action on the ground that he was guilty of wrongdoing. Surely by this statute it was not intended to defeat a claim of the owner against his driver, or, in other words, to remove the liability of the driver. Moreover, liability for a wrong should be borne by the party who caused it.

The very reason for holding the consenting owner liable for negligence of the operation of his automobile, that of furnishing financial responsibility to an injured third party, is completely absent in the owner's action to recover for damages sustained by him as a result of the negligence of the operator.

The state of California has a statute (§ 402(a) of the Vehicle Code) identical with our statute here considered, and the courts of that state have considered and construed its provisions in a number of cases. Prior to 1937 the California statute did not contain the phrase which we have herein referred to as requiring interpretation. However, in 1937 the California statute was amended by adding the identical language with which we are here concerned, which was in 1942 construed by the supreme court of California in Milgate v. Wraith, 19 Cal. 297, 121 P.2d 10, wherein the court said:

"Appellant contends that the above-quoted section should be so construed

as to limit the imputation of negligence to actions by third persons against the owner. Whatever might have been the proper construction prior to the 1937 amendment, it is now clear that since the passage of that amendment, said section is not susceptible of such construction. The phrase 'the negligence of such person shall be imputed to the owner for all purposes of civil damages' can be interpreted in no other sense than to include actions by the owner against third persons. Indeed, that was undoubtedly the very purpose of the amendment. If the section were not so interpreted, the added portion would be meaningless, * * *."

Three years later, in Brown v. Roland, 40 Cal.App.2d Supp. 825, 104 P.2d 138 (1940) that court considered the same contention as respondent here presents, and in further construing said section 402(a) stated:

"We see nothing in the claim that the plaintiffs have waived the right to damages as against the defendants in consequence of the specific provisions of Vehicle Code, § 402(a), St.1935, p. 153. The obvious meaning of that section is that the liability imposed on one who lends a car is for damage to the person or property of others. To say that he becomes liable for damages to himself would be absurd. It would be equally absurd to say that because he might be liable for damage done to others by the borrower of the car, therefore the borrower cannot be liable to him."

See also Burgess v. Cahill, 26 Cal.2d 320, 158 P.2d 393, 159 A.L.R. 1304 (1945).

Again, in Mason v. Russell, 158 Cal.App. 2d 391, 322 P.2d 486 (1958), wherein the sole issue was whether the negligence of a permissive driver of an automobile is imputed to the owner under a statute identical to I.C. § 49–1404(1), so as to bar recovery by the owner for injuries in an action by him against the driver, the court said:

"We hold that section 402, subdivision (a), has no application in this proceeding. * * *

"Necessarily, therefore, when the rights of third persons are not involved, such as in the present case where the action is by the owner against the permittee, an entirely different situation is presented, and hence the reason for the imputation of negligence ceases."

I.C. § 49–1404(1) is identical to § 402(a) of the Vehicle Code of California[1] and most of the California cases hereinbefore cited were decided prior to the enactment of I.C. § 49–1404(1) and the construction of this statute, thus announced and follow-

1. New Vehicle Code 1959, § 17150.

ed, is reasonable and has considerable persuasive force. No good reason is advanced why it should not be adhered to by us.

■ Respondent argues that the language of the statute involved is clear and unambiguous and that under its provisions the negligence of the operator is imputed to the owner for *all* purposes of civil damages. If giving a statute a literal meaning results in an absurdity, so as to involve the legislative purpose in obscurity, construction is necessary. In Smallwood v. Jeter, 42 Idaho 169, 244 P. 149, this court said:

"We are entitled to, and must, look to the intention of the Legislature as gathered from the whole act, and when a literal reading of a provision will work an unreasonable or absurd result, if a reasonable intent of the Legislature can be arrived at, the court should so construe the act as to arrive at such intention rather than an absurdity. To accomplish this purpose, words may be changed, not to legislate, but to arrive at what the Legislature intended to enact. 'Especially will this be done when it is necessary to prevent a law from becoming a nullity.' "

State v. Holder, 49 Idaho 514, 290 P. 387; Keenan v. Price, 68 Idaho 423, 195 P.2d 662; Knight v. Class A School Dist. No. 2, 76 Idaho 140, 278 P.2d 991.

To give the statute under consideration the literal interpretation contended for would lead to an unreasonable, if not absurd, result. We conclude that the last phrase of I.C. § 49–1404(1), heretofore quoted, must be interpreted to include actions by or against third persons and not actions by the owner against the driver. Judgment reversed and the cause remanded. Costs to appellant.

McQUADE, McFADDEN, TAYLOR and SMITH, JJ., concur.