Larry ROVIN, By Next Friend Allen Rovin and Allen Rovin, Plaintiffs,

v.

Thomas CONNELLY, By Guardian Ad Litem John W. Connelly and John W. Connelly and Gertrude Connelly, his wife, Defendants.

Superior Court of Delaware, New Castle.

April 24, 1972.

Ralph F. Keil, Keil & Keil, Wilmington, for plaintiffs.

Charles L. Paruszewski, Wilmington, for defendants.

## OPINION

O'HARA, Judge.

This is the Court's findings on the motion for summary judgment by the defendants, John W. Connelly and Gertrude Connelly. As in all summary judgment cases, the facts shall be stated in light most favorable to the party against whom judgment is requested. Wilson v. Tweed, 209 A.2d 899 (Del.Super.Ct.1965); Hazewski v. Jackson, 266 A.2d 885 (Del.Super. Ct.1970); and Taylor v. Steele, 266 A.2d 190 (Del.Super.Ct.1970).

On the afternoon of February 12, 1971, Larry Rovin (age 8), plaintiff, was returning from school on a school bus. Plaintiff was discharged from the school bus on Clairmont Drive, near Andrea Drive, Glendale, Newark, Delaware. At approximately 3:30 P.M., while plaintiff was attempting to cross Clairmont Drive, he was struck by a mini-bike allegedly driven in a negligent manner by Thomas Connelly (age 13), defendant. It is alleged that the mini-bike was owned by John W. and Gertrude Connelly, Thomas' parents and co-defendants, and that on the day of the accident Thomas was authorized by his parents to operate the mini-bike. Plaintiff Larry Rovin seeks to recover from John W. and Gertrude Connelly and Thomas Connelly for injuries suffered as a result of the accident. Plaintiff Allan Rovin seeks to recover from the defendants for medical expenses and for loss of the services of his son.

■ It is well established at common law that the mere relationship of parent-child imposed no liability on the parent for the torts of his minor child. Prosser, Law of Torts, § 117. Due to the usual lack of financial responsibility on the part of children, however, states have adopted various means of holding a parent liable for his child's torts. The Delaware legislature has statutorily provided for the liability of a parent who owns a motor vehicle which causes damage when driven on a highway in a negligent manner by his child who is under the age of 18 years. Title 21, Delaware Code, Section 6106, provides:

"§ 6106. Liability of owner for negligence of minor.

Every owner of a motor vehicle who causes or knowingly permits a minor under the age of 18 years to drive such vehicle upon a highway, and any person who gives or furnishes a motor vehicle to such minor, shall be jointly and severally liable with such minor for any damages caused by the negligence of such minor in driving such vehicle, and the negligence of such minor shall be imputed to such owner or such person for all purposes of civil damages."

The plaintiff contends that under 21 Del.C. § 6106 the defendants, John W. and Gertrude Connelly, are legally responsible for the negligent operation of the mini-bike by their son.

■ 21 Del.C. § 6106 requires an allegation and a showing by the plaintiff that the parent-owner "caused or knowingly permitted" a minor to drive on a highway. The plaintiff's complaint on its face does not comply with the requirements of § 6106. The complaint only alleges that Thomas

Connelly was "authorized" to operate the mini-bike on the highway. The plaintiff contends, however, that an allegation that Thomas Connelly was "authorized" by his parents to drive the mini-bike is sufficient to establish a cause of action as 21 Del.C. § 6106 has given approval to some aspects of the "family use doctrine" in Delaware.

The "family use doctrine" is a fiction adopted by the courts of some states as a means of holding a parent liable for his child's negligent operation of a motor vehicle. Relying on an extension of the principal-agent theory to establish liability, the doctrine holds that "the owner of an automobile, purchased and maintained for the use and pleasure of himself and family, is liable in damages to a third person for injuries sustained through the negligent operation of the automobile by a member of the family". Bastian v. Cannon, 1 W.W. Harr. 533, 116 A. 209 (Del.Super.Ct.1922). Delaware courts have explicitly rejected the "family use doctrine" and the principal-agent theory upon which it relies. See Smith v. Callahan, 4 W.W.Harr. 129, 144 A. 46 (Del.Supr.Ct.1928) ; Cerchio v. Mullins, 3 W.W.Harr. 245, 138 A. 277 (Del. Super.Ct.1922) ; and Bastian v. Cannon, supra.

The "family use doctrine" has always been considered little more than a fictitious instrument of policy to be associated with the automobile. As noted by Prosser, Law of Torts, § 72:

> "Its connection with the peculiar dangers and financial responsibilities of the automobile is clearly indicated by decisions in jurisdictions which adopt it, that it has no application to motorboats or motorcycles. It clearly is to be regarded as an ingenious fiction, resorted to as a partial and inadequate step in the direction of an ultimate rule which will hold the owner of the car liable in all cases for the negligence of the driver to whom he entrusts it. When such a rule is adopted by statute, the doctrine will have served its purpose, and is to be discarded."

In light of the Delaware statute, creating liability for an owner of a motor vehicle who "causes or knowingly permits a minor under the age of 18 years to drive such vehicle upon a highway", and the rationale for the development of the "family use doctrine" being to create liability where no statute exists, it would be an anomaly to find that by enacting § 6106 the legislature intended to adopt aspects of the "ingenious fiction" of the "family use doctrine" as part of Delaware law. The plaintiff's contention is not well taken.

The Delaware legislature has specified the conditions under which a cause of action is established under § 6106. Liability is created only when the owner of a motor vehicle "causes or knowingly permits" a minor under 18 years to drive on the highway. The plaintiff having failed to make such an allegation, it is the finding of the Court that the complaint fails to allege facts sufficient to create a cause of action. Therefore, defendants' motion for summary judgment should be granted.