518 P.2d 967

STATE of Idaho, Plaintiff-Respondent,

v.

Harvey NEUFELD, Defendant-Appellant.

No. 11302.

Supreme Court of Idaho.

Feb. 1, 1974.

Ware, Stellmon & O'Connell, Lewiston, Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, for defendant-appellant.

W. Anthony Park, Atty. Gen., Boise, for plaintiff-respondent.

McQUADE, Justice.

This action involves the question of whether I.C. § 48–405A, which prohibits a retail merchant from limiting the quantity of items that a customer may purchase, applies to a wholesale transaction by a retail merchant. On January 21, 1971, the Buttrey Super Store in Lewiston, advertised shotgun wads for sale to the general public. On that same day, Michael DeMarco, an employee of the Lolo Sporting Goods, offered to purchase all of the shotgun wads Buttrey's had in stock. Allegedly to maintain a supply of wads for the sale, the Buttrey's store manager, the appellant Harvey Neufeld, refused to sell the entire stock, but did offer to sell DeMarco two bags and attempted to give him a "raincheck" which would allow DeMarco to purchase an unlimited quantity at the sale price on a later date. DeMarco refused to accept less than all the wads, and on February 18, 1971, he signed a complaint alleging that the appellant had violated I.C. § 48–405A by limiting the number of shotgun wads that he could purchase.

Trial was held in the magistrate court, Nez Perce County and the appellant was found guilty of violating I.C. § 48–405A and fined $100 which was suspended. Neufeld appealed the judgment of conviction to the district court, and it affirmed the judgment of conviction. Neufeld appeals from that judgment of conviction to this Court.

At the trial it was stipulated that DeMarco was purchasing the shotgun wads on behalf of Lolo Sporting Goods for the purpose of resale to its customers. DeMarco had indicated his intention to purchase the shotgun wads for resale on a prior occasion by declaring that they were purchased for resale and not paying sales tax.[1] The appellant contends that since the purchase by DeMarco was a wholesale transaction, the lower courts erred in holding him in violation of I.C. § 48–405A because wholesale transactions are not within the prohibition of I.C. § 48–405A. It is provided in I.C. § 48–405A that,

"*Limitation of quantity of items offered for sale at retail prohibited.*—No person conducting a retail business, which involves the resale to consumers of commodities purchased or acquired for that purpose, may limit the quantity of any article or product sold or offered for *sale to any one customer* to a quantity less than the entire supply thereof owned or possessed by the seller or which he otherwise is authorized to sell. Any person as principal, agent, officer, or director, by himself, or another person, who shall violate this section shall be guilty of a misdemeanor for each single violation and upon conviction thereof shall be punishable pursuant to the provisions of section 48–405, Idaho Code." (Emphasis added).

The question in this action is whether by the statement "sale to any one customer" the statute is referring only to customers who purchase the product to consume it or whether it refers to sales by retail merchants to all persons no matter what their intended use of the product.

It has been held by this Court that "a primary rule of statutory construction is that all sections of the applicable statutes should be considered and construed together to determine the intention of the legislature."[2] In I.C. § 48–405A, the term "any one customer" must be considered in connection with the declaration in the statute that it applies to a " * * * retail business, which involves the resale to consumers of commodities purchased or acquired for that purpose * * *." The

---

1. It is provided in I.C. § 63–3619 that the sales tax applies only to retail transactions. All sales are presumed to be at retail unless a certificate in accordance with I.C. § 63–3620(f) is presented to the seller that states the purchase is for resale and shows the sales tax number of the purchaser.

2. Janss Corporation v. Board of Equalization of Blaine County, 93 Idaho 928, 930, 478 P.2d 878, 880 (1970). *See also:* Jackson v. Jackson, 87 Idaho 330, 393 P.2d 28 (1964); Bush v. Oliver, 86 Idaho 380, 386 P.2d 967 (1963); 2 A. C. Sands, Statutes and Statutory Construction § 46.05 (4th ed. 1973).

term "any one customer" clearly refers to the opening statement that limits the scope of the statute to consumer purchasers. Because the purchase in this action was not a sale to a consumer, but was a wholesale transaction, it was not within the prohibition of I.C. § 48–405A.

Judgment of conviction is reversed.

SHEPARD, C. J., and DONALDSON, McFADDEN and BAKES, JJ., concur.