**Earline H. HALL, Plaintiff,**

v.

**Anthony GUNZL and Mary C. Gunzl, Defendants.**

**Civil Action No. 97C–01–050–JOH.**

Superior Court of Delaware, New Castle County.

Submitted: April 2, 1998.

Oral Argument: May 12, 1998.

Decided: July 8, 1998.

Thomas C. Crumplar, and Vincent J.X. Hedrick, II, of Jacobs & Crumplar, P.A., Wilmington, for plaintiff.

Richard W. Pell, of Tybout, Redfearn & Pell, Wilmington, for defendant.

## OPINION

HERLIHY, J.

Presently before this Court is defendant Anthony Gunzl's motion for summary judgment. The parties submitted briefs and the Court heard oral argument on May 12, 1998. The motion presents the first-impression issue of whether a general, not a joint tortfeasor, release signed by Gunzl's minor daughter arising out of an automobile accident in favor of Hall operates to bar Hall's claim against Gunzl or whether he is considered as a joint tortfeasor and Hall's claim against him survives. The Court holds that Gunzl is a joint tortfeasor and that the claim survives.

### FACTS

On April 19, 1996, Angela Marie Gibson drove her car through a stop sign without stopping, colliding with and injuring plaintiff Earline Hall. Gibson was sixteen at the time of the accident. She was also married. She was charged with disregarding a stop sign and failure to have proof of insurance.

Hall originally sued Gibson and her husband, Brien, alleging negligent entrustment and imputed liability under 21 *Del. C.* §§ 6105 and 6106. Hall mistakenly thought Brien was Gibson's father. His inclusion under § 6105 was as a parent and under § 6106 as an owner.

On July 3, 1997, Hall executed a release in favor of the Gibsons upon payment of the $15,000 from Horace Mann Insurance Co. The release is a general release and states as follows:

NOW, THEREFORE, IN CONSIDERATION OF THE SUM OF FIFTEEN THOUSAND DOLLARS and 00/100 ---- ($15,000.00) lawful money of the United States of America paid by ANGELA MARIE GIBSON, BRIEN GIBSON, and HORACE MANN INSURANCE COMPANY, the undersigned, remise, release and forever discharge the aforesaid or the heirs, executors, assigns of the aforesaid, from all manner of actions, causes of action, suits, debts, sums of money, accounts, contracts, controversies, promises, damages, judgments, executions, claims, demands whatsoever, in law or in equity, which the undersigned ever had, now have or which heirs, executors, administrators, or assigns hereafter can, shall or may have for, by reason of any matter, cause or thing whatsoever, arising out of the circumstances set forth in the Complaint in Civil Action 97C 01 050 JOH in the Superior Court of the State of Delaware in and for New Castle County.

The execution of this Release in no way bars the rights of the plaintiff to seek and recover damages arising out of the underinsured motorists' coverage with her State Farm Insurance Company policy for injuries arising out of the accident of April 19, 1996.

Thereafter, it was learned that defendant Anthony Gunzl was Gibson's father and had signed his daughter's driver's license application. Hall filed an amended complaint on September 1997 adding Mr. Gunzl and his wife, Mary. The claim against Mr. Gunzl are (1) negligent entrustment, (2) as the parent signing the driver's license application and (3) as the owner of the vehicle. The parties have agreed there is no basis of liability against Mrs. Gunzl and she has been dismissed out. The Court notes also that the police report of this accident (attached to Hall's response to Gunzl's motion) lists Gibson as the owner of the car. It is unclear what impact, if any, this information has, if true, on the claim against Gunzl premised on his alleged ownership.

### STANDARD OF REVIEW

Summary judgment should be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[1] Neither party has contended or shown there are any factual issues in dispute relating to Gunzl's motion.

1. *Schueler v. Martin,* Del.Supr., 674 A.2d 882, 885 (1996).

That being the case, the issue is appropriate for summary judgment on whether Hall's claim against Gunzl is barred.[2]

## DISCUSSION

■ Gunzl's motion is premised upon two grounds. First, he asserts that the general release language releasing Gibson's heirs, executors and assigns bars this claim. Hornbook law is that there is no heir of a living being. Further, Gunzl is not Gibson's executor. Nor is there any evidence or law supporting the proposition that Gibson assigned anything.

The second ground upon which Gunzl relies to argue Hall's claim is barred is that he is not a joint tortfeasor. He relies upon the language of §§ 6105 and 6106 that the negligence of the minor is imputed to the driver's license applicant and owner. Because Gibson has signed the release and there has been no finding Gibson was a (joint) tortfeasor, he contends there is no longer a tortfeasor with whom he can be a joint tortfeasor.

■ At common law, a parent would not be liable for the tortious acts of a minor child.[3] The purpose of § 6105 was to abrogate that rule and make the parent signing the driver's license application a joint tortfeasor.[4] In addition, the owner, usually a parent, has now become a joint tortfeasor.[5]

A joint tortfeasor is defined by statute as meaning "2 or more persons jointly and severally liable in tort for the same injury to person ... whether or not judgment has been recovered against all or some of them."[6] Gunzl relies upon *McHugh*. In that case, the minor driver was sued by a guest in his car who had been injured in an accident. Since the guest statute (now repealed) immunized the minor driver, the parent could not be liable, hence, there never could be a determination that the minor was a tortfeasor.

Gunzl relies upon this immunization principle to contend that he is immunized by virtue of the release, that is, there has not been and cannot be a determination that Gibson was at fault. The release she signed contained neither an admission nor a disclaimer of fault. Nor does this release contain any language referencing a joint tortfeasor situation.[7] That fact differentiates this case from others were a joint tortfeasor release was signed and has created Hall's current dilemma.

■ Despite the release's deficiency, the Court finds that Gibson's execution of it does not bar Hall's claim against Gunzl. Without the release, the two could have gone to trial. That trial would have determined whether she was at fault and, if so, the extent of Gunzl's liability. The release of the one joint tortfeasor, Gibson, does not relieve Gunzl of his liability.[8] While the facts presented strongly suggest that Gibson was negligent as a matter of law proximately causing Hall's injuries, that determination can be made at trial.[9] There must be a reliable means, even in an imputed negligence situation, for there to be determined that the settling party, here Gibson, was a tortfeasor.[10] Even though now immune from suit, Gibson's conduct is still subject to a jury's consideration. The release does not bar Hall's claim against Gunzl.

2. *Merrill v. Crothall–American, Inc.*, Del.Supr., 606 A.2d 96, 99–100 (1992).

3. *Rovin v. Connelly*, Del.Super., 291 A.2d 291, 292 (1972).

4. *McHugh v. Brown*, Del.Supr., 125 A.2d 583, 587 (1956); *Tatlock v. Nathanson*, D.Del., 169 F.Supp. 151, 155 (1959).

5. *Westergren v. King*, Del.Super., 99 A.2d 356, 360 (1953).

6. 10 *Del. C.* § 6301.

7. Hall complains that Gibson's lawyer, also Gunzl's lawyer, prepared the release and that it should be interpreted against him. Hall was represented by counsel. Her argument does not resonate well.

8. *Kotowski v. A.C. & S. Co., Inc.*, Del.Super., C.A.No. 86C–JN–50, Taylor, J., 1990 WL 81859 (June 6, 1990).

9. *Harney v. Spencer*, Del.Super., C.A.No. 92C–06–148, Quillen, J., 1994 WL 750338 (December 27, 1994).

10. *Medical Center of Delaware, Inc. v. Mullins*, Del.Supr., 637 A.2d 6, 8 (1994); *Mazer v. Security Ins. Group*, 3rd Cir., 507 F.2d 1338, 1342 (1975).

## CONCLUSION

For the reasons stated herein, the motion for summary judgment of defendant Anthony Gunzl is DENIED.