467 P.2d 45

Betty ANDERSON, guardian ad litem of David Patrick Anderson, Plaintiff and Appellant,

v.

PARSON RED–E–MIX PAVING COMPANY, Inc., a Utah corporation, and Max E. Green, et al., Defendants and Respondents.

No. 11746.

Supreme Court of Utah.

March 26, 1970.

Dale M. Dorius, Brigham City, for plaintiff and appellant.

Raymond M. Berry, of Worsley, Snow & Christensen, Salt Lake City, for defendants and respondents.

CROCKETT, Chief Justice:

Betty Anderson, as guardian of her 15-year-old son David, sues for injuries he suffered when a car in which he was riding as a guest ran into the rear of the defendant's truck which was standing on Fourth North Street just west of Main Street in Brigham City. After the presentation of the plaintiff's evidence the trial court granted defendant's motion to dismiss on the grounds: (a) that it failed to show the defendant was negligent; and (b) that the sole proximate cause of the collision was the negligence of plaintiff's host-driver.

In reviewing the ruling of the trial court that it appears as a matter of law from the plaintiff's own evidence that there is no cause of action established against the defendant, we are obliged to survey it in the light most favorable to the plaintiff.[1]

Shortly after 4:00 p.m. on April 22, 1966, defendant's driver Max E. Green, had delivered a load of Red-E-Mix concrete to a Phillips 66 Station on the northwest corner of Fourth North and Main Street in Brigham City. After unloading he drove the truck about 150 feet west and stopped on the north edge of Fourth North Street. Mr. Green got out and mounted a platform on

1. See Wells v. D. & R. G. W. R. Co., 19 Utah 2d 89, 426 P.2d 229.

the truck and was engaged in washing it out when this incident occurred. Meanwhile Kim Mortenson, a 15-year-old boy, who had taken an automobile without leave, was proceeding northward on Main Street with two other boys of the same age as passengers, Mark Herbert, in the front seat, and plaintiff in the rear seat.

We accept what plaintiff says in his brief as a statement of the essential aspects of the occurrence in the light most favorable to him:

> As he approached Fourth North he pulled into the left turn lane * * * stopped and waited for traffic coming from the north * * * had just started a left turn when Mark Herbert warned the driver to accelerate in order to avoid collision with a vehicle which he had failed to see coming from the north. In response * * * Mortenson over-accelerated and the car began to slide on some loose material on the road surface. While he was thus proceeding west with the rear end in a sideways slide and approximately 50 feet west of the curb line, he first noticed the defendant's truck parked on the roadway. The driver at that point had *sufficiently regained control and he thought that he could avoid collision* by proceeding to the southwest and around the left side of the truck, but he failed to observe the steel chute extending to the rear and * * * collided with the extended chute, which penetrated the right hand side of the vehicle * * * [which caused plaintiff's injuries]. [Emphasis added.]

■■ It is the plaintiff's contention that, conceding negligence on the part of his host-driver Kim Mortenson, he may nevertheless recover against the defendant for negligence in the parking of its truck as a concurring proximate cause of his injuries, citing Hillyard v. Utah By-Products Co.[2] In that and other cases we have indicated our agreement with the well established rule that where one is injured by the concurrent negligence of two wrongdoers he can recover from either or both;[3] and this includes circumstances where one has previously created a dangerous condition, which combines with a later act of negligence, if the former is in fact a concurring proximate cause. But this is not so if the previously created dangerous condition is such that the later actor, in the exercise of reasonable care, should have observed and avoided it, in which instance the later act of negligence is an independent intervening and therefore sole proximate cause.[4]

---

2.  1 Utah 2d 143, 263 P.2d 287.

3.  See Caperon v. Tuttle et al., 100 Utah 476, 116 P.2d 402; and see J.I.F.U. Inst. No. 15.8 and cases there cited.

4.  See discussion in Hillyard case, footnote 2 above, and see cases cited therein.

The facts of this case are different from those of the Hillyard case in the respect just stated and they are therefore distinguishable. There the host-driver was following another car, which prevented him from seeing the truck, which had been parked with its rear end protruding onto the surfaced part of the highway, until the preceding car suddenly swerved around it. This created a true emergency in which the negligence of the host-driver (facts given in that opinion) concurred with the negligence in parking the truck and causing the collision. However, care was taken to point out therein that "where one has negligently created a dangerous condition [such as parking the truck] and a later actor observed, or circumstances are such that in the exercise of reasonable care he could not fail to observe, but negligently failed to avoid it" his later negligence is the intervening and sole proximate cause.

In the instant case the collision occurred in the middle of the afternoon in broad daylight on a clear day; and there was nothing either to obstruct the vision or distract the attention of the host-driver Kim Mortenson between Main Street and this large Red-E-Mix truck standing there "as big as life and twice as natural" on the street. If it be a fact that "Mortenson over-accelerated" to avoid a car coming from the north, that emergency would have been over when he cleared the intersection. And from a full stop, as plaintiff claims, he could not have been going very fast. There is really no good reason why he should have lost control of his vehicle as is suggested. But accepting that further premise, plaintiff's own statement is that the driver had regained control about 50 feet west of the curb line (Main Street). He would then have had about 100 feet in which to brake and/or turn aside and avoid the collision with this large truck which stood there in plain sight. Under any view whatsoever that may be taken of those facts the trial court's conclusion that the negligence of the host-driver, Kim Mortenson, was the sole proximate cause of the collision is ineluctably correct.

The foregoing analysis and disposition of this case on the ground that the sole proximate cause of the accident was the negligence of the host-driver makes it unnecessary to be concerned with the other questions as to whether defendant's driver, Max Green, may or may not have been negligent in the parking of the truck on the street.

Affirmed. Costs to defendant (respondent).

CALLISTER, HENRIOD, TUCKETT and ELLETT, JJ., concur.