479 P.2d 483

**Paul TAFOYA, Plaintiff-Appellant,**

v.

**Jim FLEMING, d/b/a Jim's Husky Super Stop and Husky Oil Co., a Corporation, Defendants-Respondents.**

No. 10645.

Supreme Court of Idaho.

Jan. 12, 1971.

Clark & Lyon, Pocatello, for appellant.

Maguire & Kisling, Pocatello, for appellee.

McFADDEN, Justice.

Plaintiff, Paul Tafoya, was injured by burning gasoline accidentally thrown on him while he was standing in a service station operated by defendant Jim Fleming, lessee of co-defendant Husky Oil Company, a corporation. The trial court granted the defendant's motion for summary judgment, which judgment is affirmed.

Defendant Fleming was the proprietor of a service station in Pocatello, known as Jim's Husky Super Stop. He leased the station from Husky Oil Company, Inc., also a defendant. On June 7, 1968, about 3:00 a. m., plaintiff Paul Tafoya rode with a friend, Doug Cherry, to defendant's service station to get the starter fixed in Cherry's vehicle. Tafoya was merely a companion of Cherry's and had no separate purpose of his own in visiting the station, nor did Tafoya transact any business while he was there.

Cherry parked his car at the service station and went inside. Richard Honstetter, the attendant on duty, was standing in the doorway between the service station office and the working area of the station where there was a hoist and a lubrication pit. Cherry told Honstetter that he would like to bring his car into the station and to try to fix the starter.

At the time that Cherry and the plaintiff arrived at the station, the working or ga-

rage portion of the station was being used by two others, Roger Campbell and John Leigh, who were attempting to start Leigh's car, which was inside the garage portion of the station. Honstetter told Cherry that the garage was being used and that Cherry would have to wait a few minutes and then he could bring his car in to work on it. Tafoya got out of the car and also came into the station. The only conversation Tafoya had with Honstetter was an exchange of "hello."

Honstetter furnished Campbell, who was assisting Leigh in attempting to start Leigh's car, a can of gasoline which Campbell used to prime the carburetor of the car. Other than that, Honstetter took no part in assisting Campbell or Leigh in their attempt to start the car.

On his own volition, Tafoya went into the garage or working area and stood in the vicinity where the others were working. He stayed there for ten or fifteen minutes, and he commented to the others that he thought the car was out of gas and that their efforts to prime it were useless. During this time Honstetter was standing in the doorway observing Leigh and Campbell in their efforts. Honstetter then left for a few minutes to go to some other part of the premises. In Honstetter's absence and without his consent, Campbell went into the service station office and got a can of ether off the shelf.

Campbell gave the can of ether to Cherry who started squirting the ether into the carburetor while Campbell was pouring in some gasoline. Leigh was inside the car and operating the controls to try and start the motor. After several attempts to start the motor by priming it with a combination of ether and gasoline, Tafoya stated in his deposition that:

> "A spark flew out of the carburetor, ignited the ether, and in turn the ether ignited the gasoline that was pouring in, and it spooked Roger Campbell because the can of gasoline he had was on fire and he turned and threw it and it came right for me. * * *

"In order for it to ignite the car had to backfire. In other words, the car would start running but it wouldn't keep running so one time it started running and backfired and threw a spark out of the carburetor and caught a piece of ether on fire which ignited the ether which was flowing into the carburetor which ignited the gas."

The gasoline thrown by Campbell hit Tafoya and inflicted severe burns upon him.

Tafoya was 21 years old and had had some mechanical schooling and training on motor vehicles. When asked at his deposition whether he felt what the people were doing was dangerous, Tafoya responded, "Yes, I did."

The trial court in its memorandum opinion held that regardless of whether Tafoya was an "invitee" or merely a "licensee" on the premises, as a matter of law, a possessor of land is under no duty to warn or protect an invitee from actual or potential danger to which the invitee is as well aware as the proprietor of the business or possessor of the premises.

The plaintiff asserts the trial court erred in granting the summary judgment for the reason that there were genuine and material issues of fact still unresolved. With this contention we do not agree.

The trial court in passing on the motion for summary judgment had before it the amended complaint of the plaintiff and answer of the defendants. These pleadings did present factual issues as to the negligence of the defendants, the status of plaintiff as to whether he was an "invitee" or "licensee" on the premises, the issue of an intervening cause of the accident, the issue of knowledge of danger by the defendants, and the ultimate issue of defendants' liability. In addition to the pleadings, the trial court also had before it the answers by the defendants to various interrogatories submitted to them, and the deposition of the plaintiff taken by the defendants.

 The plaintiff did not controvert the statements contained in the deposition

taken by defendant. Under I.R.C.P. 56(e) the plaintiff could not " * * * rest upon mere allegations or denials of his pleading, but must answer in detail as specific as that of the moving papers, setting forth the material facts as he believes and intends to prove them to be." This the plaintiff failed to do. From the deposition taken of plaintiff it appears that he of his own volition was in the place where he was injured; that the plaintiff was aware of the danger involved in the method used by Leigh, Campbell, and Cherry in attempting to start the motor of Leigh's car; that Tafoya was in the periphery of this danger; that the accident was caused by the initial ignition of the ether from a spark out of the carburetor; and that Honstetter, the employee of defendant Fleming, was unaware of the use of this ether.

Whether Tafoya was an "invitee" or a "licensee" is immaterial under these facts for the following reason. Assuming (but not deciding) Tafoya was an "invitee" when he was on the premises of the service station, the defendant Fleming was under no obligation to protect him against danger which was known to him or so obvious and apparent that he would be charged with knowledge. Alsup v. Saratoga Hotel, 71 Idaho 229, 229 P.2d 985 (1951); Prosser, Torts, § 61, p. 403, wherein it is stated:

"Likewise, in the usual case, there is no obligation to protect the invitee against dangers which are known to him, or which are so obvious and apparent to him that he may reasonably be expected to discover them. Against such conditions it may normally be expected that the visitor will protect himself."

See also: Rest. Torts 2d § 343 and § 343A.

There was no duty on the part of Fleming or his agent to warn plaintiff of the potential danger, as the plaintiff knew of this hazard. The trial court correctly granted the motion for summary judgment. The judgment is affirmed. Costs to respondent.

McQUADE, C. J., and DONALDSON, SHEPARD and SPEAR, JJ., concur.