496 P.2d 949

Leland C. BAKER and Sherry Baker, husband and wife, Plaintiffs-Appellants,

v.

Reid BARLOW, Defendant-Respondent.

No. 10919.

Supreme Court of Idaho.

May 12, 1972.

Lawrence H. Duffin, Burley, for plaintiffs-appellants.

W. F. Merrill, Merrill & Merrill, Pocatello, for defendant-respondent.

DONALDSON, Justice.

The plaintiffs-appellants Leland C. Baker and Sherry Baker brought this negligence action against the defendant-respondent Reid Barlow for damages arising out of events which occurred on the fifth day of July, 1969, when Reid Barlow's home caught on fire. The plaintiff-appellant Sherry Baker was seriously burned when she entered the burning house to remove furniture and the living room ceiling collapsed upon her. The plaintiffs-appellants contend that the defendant was negligent in failing to warn Sherry of the dangerous condition which caused her injury.

The plaintiff-appellant Sherry Baker is the defendant Reid Barlow's sister; previously she had lived for fourteen years in the home which caught fire, and at the time of the blaze she and her husband were living in another house located about thirty yards away. In the early morning of July 5, 1969, the defendant awoke and discovered that his house was on fire. As soon as his wife and children were safely out of the building, he ran next door to the plaintiffs' home, opened their bedroom door, and said something to the effect of "Leland, come quick. Our house is on fire." (He apparently did not ask *Sherry* to come.) The defendant then tried to put out the fire, which appeared to be located on the roof above the living room, with a garden hose; but after a few minutes, he decided that this effort was not only dangerous but futile, and instead he began removing furniture and other valuables from the burning structure.

When Sherry came out of her house, she saw flames on the roof of the defendant's house. She was informed that everyone was safely out of the house, and she asked the defendant whether there was anything he wanted her to do. The defendant testified that he answered her by saying "gee, I don't know. We're just moving furniture out"; but he stated that he did not "expressly tell her to grab stuff and haul it out." Sherry testified that all he said in response to her offer of assistance was "we are getting furniture." On cross-examination, she first testified that she felt he *had directed* her to go into the house, but upon further questioning she admitted that he did *not* direct her or tell her to go in the house after furniture. In any event, after this conversation, Sherry, without the defendant's knowledge, followed him into the burning house; she was in the living room attempting to remove the defendant's sewing machine when the living room ceiling collapsed, and she was seriously burned as a result. The defendant never knew she had gone into the house until after the injury had occurred.

At the end of the plaintiffs' case, the court granted the defendant's motion for involuntary dismissal, concluding that the defendant had no duty to warn the plaintiff because "the evidence shows that both the plaintiff and the defendant had, for all practical purposes, equal knowledge of the situation; that is, the house was on fire." Furthermore, the court found that because she had voluntarily walked into a hazardous situation, the plaintiff was contributorily negligent as a matter of law. The plaintiffs appeal from the order of dismissal.

■ We find it unnecessary to decide whether Sherry Baker was an "invitee" or

only a "licensee"; for even assuming (but not deciding) that she was an "invitee," as contended by the appellants, we nevertheless hold that there was no duty on the part of the defendant to warn her of the potential danger. The defendant was under no obligation to protect Sherry Baker from danger which was known to her or so obvious and apparent that she would be charged with knowledge. Tafoya v. Fleming, 94 Idaho 3, 479 P.2d 483 (1971); Otts v. Brough, 90 Idaho 124, 409 P.2d 95 (1965). The undisputed evidence in this case indicates that Sherry Baker knew of the danger which caused her injury. Not only did she know the house was on fire when she entered, which would be sufficient to preclude recovery in itself, but she also testified that she had seen the flames on the roof when she first appeared on the scene; and since she had grown up in this house and was therefore familiar with the floor plan, she should have known that the flames were located over the living room, which would make that area especially dangerous. The appellants point out that Sherry did not know the length of time the house had been burning, the precise extent of the structural damage, or the fact that the defendant's application of water had added weight to the insulation. Even without such knowledge, however, Sherry Baker should have known that by entering a burning building she was exposing herself to the risk of being burned. There was no duty on the part of the defendant to warn the injured plaintiff of the potential danger, since it was not unknown to her.

Ordinarily, issues of negligence present questions of fact to be resolved by a jury; however, where the facts are undisputed and where but one reasonable conclusion can be drawn therefrom, the issue of the existence of negligence becomes a question of law to be resolved by the court. Gay v. Harris, 94 Idaho 10, 480 P. 2d 194 (1971); Otts v. Brough, *supra*; Deshazer v. Tompkins, 89 Idaho 347, 404 P.2d 604 (1965); Foster v. Thomas, 85 Idaho 565, 382 P.2d 792 (1963). In our

opinion, the undisputed facts of this case indicate that the defendant was not subject to a duty to warn the injured plaintiff; and, therefore, only one reasonable conclusion is possible: the defendant did not breach a duty owed to Sherry Baker. Hence, the defendant cannot be held liable for negligence, and his motion for involuntary dismissal was properly granted.

Judgment affirmed. Costs to respondent.

McQUADE, C. J., and McFADDEN, SHEPARD and BAKES, JJ., concur.