511 P.2d 1325

Daniel H. LUNDBECK and Irene Lundbeck, husband and wife, Plaintiffs-Appellants,

v.

The STATE of Idaho, Acting By and Through the DEPARTMENT OF HIGHWAYS et al., Defendants-Respondents.

No. 10992.

Supreme Court of Idaho.

July 17, 1973.

Thomas A. Mitchell, Coeur d'Alene, for plaintiffs-appellants.

Faber F. Tway and Anton Hohler, Dept. of Highways, Boise, for defendants-respondents.

McFADDEN, Justice.

On March 26, 1970, Daniel H. Lundbeck was a passenger in an automobile traveling east on Interstate 90 near Fourth of July Pass in Kootenai County. The automobile slid on a patch of ice and crashed. As a result of the accident Lundbeck suffered permanent, partial paralysis. Lundbeck filed a claim on November 19, 1970, with the State Board of Examiners seeking compensation for his injuries; the Board denied this claim on February 16, 1971.

Lundbeck then filed suit on March 24, 1971, against the State of Idaho by and through the Department of Highways and its directors (respondents) alleging that the respondents negligently failed to sand this icy area and that it should have known the

**550**

particular portion of Interstate 90 tended to be icy. The complaint also alleged that the respondent failed to post any warnings even though it had been advised to sand the highway and that it knew accidents occurred frequently at this location. By this action Lundbeck sought compensation for his personal injuries. The respondents moved for summary judgment contending that the state was immune to tort liability unless it had been covered by insurance and that the accident occurred prior to the prospective abolition of sovereign immunity as announced in Smith v. State, 93 Idaho 795, 473 P.2d 937 (1970). The trial court granted summary judgment in favor of respondents from which this appeal is taken.

In Smith v. State, supra, this court abolished the doctrine of sovereign immunity prospectively except for the cases then being considered on appeal. Although Lundbeck's accident occurred before the decision in Smith v. State, supra, appellants contend that the prospective abolition of sovereign immunity denies them equal protection of the law. We believe that this issue has been sufficiently considered in recent cases and state once again that in appropriate cases an appellate court may rule prospectively without violating this principle of equal protection of the law. Black v. Peter Kiewit Sons' Co., 94 Idaho 755, 497 P.2d 1056 (1972); Sims v. State, 94 Idaho 801, 498 P.2d 1274 (1972), cert. den. 409 U.S. 1037, 93 S.Ct. 518, 34 L.Ed.2d 488.

Next, appellants contend that the doctrine of sovereign immunity denies them due process of the law. The sole authority cited by appellants for their due process argument is Krause v. State, 28 Ohio App.2d 1, 274 N.E.2d 321 (1971). The Ohio Supreme Court, however, reversed this decision in Krause v. State, 31 Ohio St.2d 132, 285 N.E.2d 736 (1972). The dearth of authority advanced by appellants challenging the doctrine of sovereign immunity on due process grounds convinces this court to reaffirm unequivocally the holding in Smith v. State, supra, abrogating the doctrine of sovereign immunity.

Finally, appellants contend that either Idaho Const. Art. 1, sec. 18 or the Highway Department Act of 1951 (I.C. § 40–106 et seq.) confers an implied tort action against the Highway Department to private citizens. A perusal of the Highway Department Act of 1951 reveals no language, implied or express, indicating an intention of the legislature to provide a cause of action for tortious conduct of the Highway Department. See, Bare v. Department of Highways, 88 Idaho 467, 401 P.2d 552 (1965); Gates v. Pickett & Nelson Construction Co., 91 Idaho 836, 432 P. 2d 780 (1967). Idaho Const. Art. 1, § 18, does not confer, expressly or impliedly, new causes of action to individuals, but only prescribes certain procedural rights. Moon v. Bullock, 65 Idaho 594, 151 P.2d 765 (1944).

Judgment affirmed. Costs to respondents.

DONALDSON, C. J., and SHEPARD, McQUADE and BAKES, JJ., concur.