516 P.2d 1168

**M. E. SCHAEFER, Plaintiff-Appellant,**

v.

**ELSWOOD TRAILER SALES and Silver Streak Trailer Manufacturing Co., Defendants-Respondents.**

**No. 11290.**

Supreme Court of Idaho.

Dec. 13, 1973.

Lloyd J. Walker, Walker, Depew & Kennedy, Twin Falls, for appellants.

Willis B. Benjamin, St. Clair, St. Clair, Hiller & Benjamin, Idaho Falls, for respondent Silver Streak Trailer Manufacturing Co.

R. Vern Kidwell, Holden, Holden, Kidwell, Hahn & Crapo, Idaho Falls, for respondent Elswood Trailer Sales.

McQUADE, Justice.

This action arises out of the destruction of a mobile home trailer which occurred when it rolled over while being towed. On September 14, 1970, the plaintiff-appellant, M. E. Schaefer, purchased a new mobile home which was manufactured by Silver Streak Trailer Manufacturing Co. of South El Monte, California. As part of the purchase transaction, Schaefer traded in his old trailer manufactured by Silver Streak that he had been using continuously for two months in each of the previous five years.

The new Trailer was attached to Schaefer's truck by respondent Elswood Trailer Sales, and Schaefer alleges that he was told no new additional towing equipment was necessary. Schaefer also contends that Elswood refused to install a kit that came with the trailer which included new wiring for the trailer braking system, and he alleges that he warned Elswood that his old trailer braking system had not always worked properly, but he was advised that it was sufficient.

After the respondent hooked up the trailer, Schaefer began to tow the trailer to his home in Bellevue, Idaho, a distance of 130 miles. As Schaefer left the city and accelerated the speed of his truck, the trailer began to sway. At lower speeds there was no problem and he continued to his home in Bellevue at a maximum speed of forty to forty-five miles an hour. No attempt was made to contact Elswood or Silver Streak about the swaying, and Schaefer alleges that he believed it to be caused by a lack of weight in the trailer and that it would be remedied by loading the trailer.

A week later on September 20, 1970, after fully stocking the trailer, Schaefer and his wife left Bellevue towing the trailer for a vacation. Upon reaching a speed of thirty miles an hour, the trailer began to sway more violently than before, but Schaefer found that he could control the sway by use of the trailer brakes, and he continued on with the trip.

About five miles west of Fairfield, a distance of thirty miles from Bellevue, Schaefer had to slow down for road construction. Because of an approaching automobile he attempted to further reduce his speed, but the trailer brakes failed to function. Without the trailer brakes he had no control over the swaying of the trailer, and it rolled over.

Appellant Schaefer brought suit in district court against respondent Elswood Trailer Sales and respondent Silver Streak Trailer Manufacturing Co. for damages to the trailer. He alleged that the trailer was not fit for the purpose for which it was sold because of the swaying caused by the wheels being improperly aligned, and that the braking equipment was improperly installed both of which resulted in the damages to the trailer. The district judge granted the respondents' motion for summary judgment on the ground that appellant Schaefer's contributory negligence barred him from recovery as a matter of law. Schaefer appeals from the judgment of the district court.

Summary judgment can be granted only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[1] In addition, this Court has repeatedly held that the facts should be liberally construed in favor of the party against whom summary judgment is sought and all doubts are to be resolved against the moving party.[2] In the present case, the district court concluded that sufficient contributory negligence on the part of Schaefer was shown in the documents supporting the motion for summary judgment to bar him from recovery as a matter of law. Upon a review of the

1. I.R.C.P. 56(c); Turner v. Mendenhall, 95 Idaho 426, 510 P.2d 490 (1973); Bryan and Company v. Kieckbusch, 94 Idaho 116, 482 P.2d 91 (1971); Crane v. Banner, 93 Idaho 69, 455 P.2d 313 (1969).

2. Crane v. Banner, supra; Petricevich v. Salmon River Co., 92 Idaho 865, 452 P.2d 362 (1969); Jack v. Fillmore, 85 Idaho 36, 375 P.2d 321 (1962).

record we conclude that the summary judgment cannot be sustained.

■ Both Silver Streak and Elswood contend that Schaefer's action of continuing to tow the trailer after the swaying problem became apparent and his failure to notify them of the problem amounted to contributory negligence and should bar his recovery as a matter of law. For contributory negligence to bar recovery, it must have been the proximate cause of the accident.[3] Proximate cause is generally an issue for the jury unless the proof is so clear that reasonable minds cannot draw different conclusions or where all reasonable minds would construe the facts and circumstances one way.[4] In our opinion, reasonable minds could differ as to the proximate cause of the accident. It could be concluded that Schaefer's action of continuing to pull the trailer despite the swaying was the proximate cause of the accident. Alternatively, it could be concluded that the failure of the trailer brakes was the proximate cause of the accident since the swaying only became uncontrollable when the brakes failed. There is no allegation that Schaefer was contributorily negligent with regard to the trailer brakes. Because reasonable minds could differ as to proximate cause of the accident, the case should have been submitted to the jury.

■ The district court's conclusion that Schaefer's action of continuing to pull the trailer amounted to contributory negligence is also open to question. Ordinarily issues of negligence present questions of fact to be resolved by the trier of fact, and they become a matter of law only when the facts are undisputed and only one reasonable conclusion can be drawn from the evidence.[5] The record indicates that Schaefer purchased a new and expensive trailer ($9,500) that was constructed to be towed. Schaefer alleged that Elswood made assurances that his truck was properly equipped to pull the trailer. Schaefer also alleged that he believed that the swaying on the initial trip from Idaho Falls to Bellevue was caused by the lack of weight in the trailer and that when it was fully stocked, which would add approximately a ton, the swaying would be remedied. Taking these facts and construing them liberally in favor of Schaefer,[6] we find that reasonable men could have concluded that he was not contributorily negligent, and thus the issue of contributory negligence should be decided by the jury.

Finally, Schaefer contends that contributory negligence was not available as a defense in this case because his complaint presented a products liability claim. Since we have already concluded on the basis of cases dealing in negligence that summary judgment was improperly granted we need not reach that contention. However, we do refer the district court and the parties to our recent decision of Henderson and Olsen v. Cominco American, Inc.[7] where we set forth the limitations on the availability of the defense of contributory negligence in products liability cases.

Because of the issues of material fact regarding the proximate cause of the trailer's turnover and the character of Schaefer's actions, the district court erred in granting summary judgment. The judgment is reversed, and the cause remanded for further proceedings. Costs to appellant.

DONALDSON, C. J., SHEPARD and BAKES, JJ., and RASMUSSEN, District Judge, concur.

3. Bethlahmy v. Bechtel, 91 Idaho 55, 415 P.2d 698 (1966); Bell v. Carlson, 75 Idaho 193, 270 P.2d 420 (1954); Maier v. Minidoka County Motor Co., 61 Idaho 642, 105 P.2d 1076 (1940).

4. Crane v. Banner, supra; Davis v. McDougall, 94 Idaho 61, 480 P.2d 907 (1971); Lundy v. Hazen, 90 Idaho 323, 411 P.2d 768 (1966).

5. Baker v. Barlow, 94 Idaho 712, 496 P.2d 949 (1972); Deshazer v. Tompkins, 93 Idaho 267, 460 P.2d 402 (1969); Fawcett v. Irby, 92 Idaho 48, 436 P.2d 714 (1968).

6. Supra, note 2.

7. Henderson v. Cominco American, Incorporated, 95 Idaho 690, 518 P.2d 873, released October 16, 1973.