524 P.2d 166

Martha Deon Ostergar MUNSON, guardian ad litem for Gaye Ostergar, a minor, et al., Plaintiffs, Appellants,

v.

STATE of Idaho, DEPARTMENT OF HIGHWAYS, a civil administrative department of the State of Idaho, et al., Defendants, Respondents.

No. 11309.

Supreme Court of Idaho.

July 10, 1974.

Kenneth F. Clarke, Clarke & Jarman, Blackfoot, for plaintiffs-appellants.

Faber F. Tway, Chief Legal Counsel, and Jonathan W. Cottrell, Boise, for Idaho Dept. of Highways, for defendants-respondents.

DONALDSON, Justice.

On August 28, 1970, Allen C. Ostergar was a passenger in an automobile traveling east on Idaho State Highway 26 near Blackfoot, Idaho. The automobile collided with the rear of another automobile which had been stopped on the highway by employees of the Department of Highways for the State of Idaho. Mr. Ostergar died September 27, 1970, from the injuries resulting from the collison.

The appellant, Martha Ostergar Munson, the surviving spouse of Ostergar and the Administratrix of his estate, filed suit along with the surviving children of Ostergar against the driver of the automobile in which Ostergar was riding, and the State of Idaho by and through the Department of Highways, its directors, and other state employees, hereinafter called respondents. Later, an amended complaint was filed August 28, 1972, alleging that the respondents negligently or with gross negligence failed to provide and maintain suitable warning signs and devices to control and warn ve-

hicular traffic on the highways of repairs and construction being performed ahead by employees of the Department of Highways. The complaint further alleged that such negligence or, in the alternative, gross negligence was the proximate cause of the collision. The action sought compensation for the losses suffered by the family as a result of Ostergar's death. Upon timely motion the trial court granted summary judgment in favor of the respondents, basing the judgment on the doctrine of sovereign immunity in effect in Idaho at the date of Ostergar's death. The trial court cited Smith v. State, 93 Idaho 795, 473 P. 2d 937 (1970); Dawson v. Olson, 94 Idaho 636, 496 P.2d 97 (1972); Rathbun v. Department of Highways, 94 Idaho 700, 496 P.2d 937 (1972); Black v. Peter Kiewit Sons' Co., 94 Idaho 755, 497 P.2d 1056 (1972); Sims v. State of Idaho, 94 Idaho 801, 498 P.2d 1274, cert. den., 409 U.S. 1037, 93 S.Ct. 518, 34 L.Ed.2d 488 (1972). This appeal is taken from that summary judgment.

This Court held on April 27, 1970, in Smith v. State, *supra,* that the common law doctrine of sovereign immunity of the State of Idaho was abolished in respect to tortious acts of the state or any of its departments when the governmental unit is acting in a proprietary, as distinguished from governmental, capacity. This original decision (which was later withdrawn) granted relief to the plaintiffs in the action before the Court, but was to take effect generally only after sixty (60) days had passed from the filing date of the remittitur in the event no petition for rehearing was filed and granted. However a petition for rehearing was filed on May 15, 1970 and the Court granted a rehearing. The rehearing resulted in the withdrawal of the original decision. After hearing reargument of the case, the Court handed down a decision on August 5, 1970, again granting relief to the plaintiffs, and abolishing sovereign immunity of the state as to proprietary activities, but changing the effective date of the decision to that of sixty (60) days subsequent to the adjournment of the

first regular session of the Forty-First Idaho State Legislature, unless legislation was enacted at that session with respect to the abolition of sovereign immunity of the state.

Two of appellants' assignments of error deal directly with the effects of Smith, *supra,* on the case at hand. In the first assignment of error appellants contend that the prospective application of the overruling of sovereign immunity as to proprietary activities results in a denial of equal protection of the law to those persons excluded from recovery against the state because their causes of action predate the effective date of Smith, *supra.* This issue was raised most recently in Lundbeck v. State, Department of Highways, 95 Idaho 549, 550, 511 P.2d 1325, 1326 (1973), wherein this Court stated:

> "We believe that this issue has been sufficiently considered in recent cases and state once again that in appropriate cases an appellate court may rule prospectively without violating this principle of equal protection of the law." (citing Black, *supra,* and Sims, *supra.*)

We find no reason to disturb that holding even though the cause of action of this case arose following the effective date of the withdrawn Smith decision and thus appellants are actually contesting the propriety of the prospective-prospective overruling by the final Smith decision. The same considerations apply to both prospective overruling and prospective-prospective overruling in that both are methods of balancing the need for change and the disruption which may result from the change. The effective date in Smith was intended to allow the legislature an opportunity to adjust to the sudden removal of the shield of immunity upon which the state had relied. This is a proper justification for the utilization of what has been denominated prospective-prospective application. *See* W. Schaefer, the Control of "Sunbursts": Techniques of Prospective Overruling, 42 N.Y.U.L.Rev. 631 (1967). The appellants properly belong in the classification of

plaintiffs excluded from recovery against the state, and prospective-prospective over-ruling is a proper remedy.

■ The second assignment of error contends that the withdrawal of the original *Smith* opinion subsequent to the filing of the petition for rehearing resulted in a denial of due process of law in that appellants were denied their right to a hearing when the rehearing of *Smith* "took from the Appellants their Cause of Action [sic]."[1] In support of this position appellants offer authority and argument to the point that this Court can hear only justiciable controversies and the rehearing in *Smith* did not present such an opportunity.

When a decision is announced, subsequently withdrawn pursuant to the granting of a timely petition for rehearing, and later released in a modified form, the decision as originally released is of no force or effect. Supreme Court Rules, rule 45. Since the *Smith* decision as modified precludes recovery against the state by the appellants, a cause of action can be said to have accrued to the appellants only if the granting of the rehearing is found to have been improper. The record in fact indicates that the rehearing was entirely proper. The necessary petition was filed with this Court within twenty (20) days of the announcement of the decision. Briefs were filed by the defendants covering a broad spectrum of justiciable controversies. These issues, including the prospective overruling, were duly considered by this Court.

The Court has reviewed the other assignments of error and concludes that they are without merit. Lundahl v. City of Idaho Falls, 78 Idaho 338, 303 P.2d 667 (1956).

Judgment affirmed. Costs to respondents.

SHEPARD, C. J., and McQUADE, McFADDEN and BAKES, JJ., concur.

[1]. Appellants' Brief, page 3.