528 P.2d 900

Gary C. FAIRCHILD et al., Plaintiffs-
Appellants,

v.

John G. OLSEN and the City of Pocatello,
a municipal corporation, Defend-
ants-Respondents.

No. 11262.

Supreme Court of Idaho.

Nov. 18, 1974.

Rehearing Denied Dec. 20, 1974.

R. Don Bistline, Pocatello, for plaintiffs-appellants.

Robert C. Huntley, Jr., Pocatello, for defendants-respondents.

McFADDEN, Justice.

This appeal was taken by Gary C. Fairchild, Chris M. Fairchild and Lorraine Fairchild from a summary judgment entered in favor of defendants-respondents John G. Olsen and the City of Pocatello following their motion.

Appellants instituted this action to recover damages for personal injuries and property damages sustained when a motorcycle operated by Gary Fairchild collided with a Michigan loader owned by the City of Pocatello and operated by Olsen. The primary issue raised on appeal is whether the district court erred when it granted summary judgment in favor of the respondents. For reasons to be discussed, we find that the district court erred and that the case must be reversed and remanded for trial.

This action was filed by Gary C. Fairchild and his natural parents, Chris M. Fairchild and Lorraine Fairchild. In their complaint, appellants alleged that, as a result of Olsen's negligence, Gary C. Fairchild was injured when the motorcycle which he was operating collided with a Michigan front end loader owned by the City of Pocatello and operated by Olsen, a city employee. The appellants alleged four acts of negligence by Olsen—failure to

maintain a proper lookout; failure to yield the right of way; starting from a stopped position without due warning or proper lookout; failure to operate a slow moving vehicle as required by law.

The respondents answered, generally denying the material allegations of the complaint, and asserted that the negligence of Gary Fairchild was greater than the respondents' acts of negligence.

The respondents moved for summary judgment pursuant to Rule 56 of the Idaho Rules of Civil Procedure. In support of the motion, the respondents submitted affidavits of two witnesses to the accident, the investigating police officer, and an "expert" in traffic accident investigations. In addition, the respondents filed written interrogatories answered by Gary Fairchild and the deposition of Gary Fairchild. The appellants submitted written interrogatories answered by Olsen and the City of Pocatello, an affidavit supplementing the affidavit of respondents' witness, the affidavit of Chris Fairchild, the oral deposition of Olsen, and an affidavit containing excerpts from testimony of the other witness and the investigating officer at a trial on a traffic citation issued to Gary Fairchild.

The district judge granted the respondents' motion for summary judgment. The judge held that "[f]rom all of the facts presented, it would appear that the motion for summary judgment would have to be granted, for it would appear that the plaintiff, Gary Fairchild, was guilty of contributory negligence in excess of 50 per cent under the comparative negligence rule." Upon appellants' motion for reconsideration, the district judge adhered to the original order. The appellants perfected this appeal from that judgment.

This appeal presents the issue of whether the trial court erred when that court on summary judgment held that the appellants' negligence was greater than the negligence of the respondents and so the appellants could not recover under a comparative negligence theory.[1]

Before examining the facts at issue a discussion of the pertinent general principles of summary judgments and the applicable presumptions is needed. Straley v. Idaho Nuclear Corporation, 94 Idaho 917, 500 P.2d 218 (1972), summarized the relevant case law:

"Summary judgment is properly granted when 'the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' [Citations omitted.] In determining whether any issue of material fact is in dispute, it is well settled that the facts should be liberally construed in favor of the party against whom summary judgment is sought. [Citations omitted.] In light of this rule, this court has held that summary judgment is improper when a conflict in affidavits respecting issues of fact exists, or when the relevant pleadings, depositions and affidavits raise any question of credibility of witnesses. [Citations omitted.] On the other hand, a mere scintilla of evidence will not create a genuine issue of material fact sufficient to preclude summary judgment. [Citations omitted.] On appeal from an or-

---

1. I.C. § 6–801. "Comparative negligence—Effect of contributory negligence.—Contributory negligence shall not bar recovery in an action by any person or his legal representative to recover damages for negligence or gross negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence or gross negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the amount of negligence attributable to the person recovering."

I.C. § 6–802. "Verdict giving percentage of negligence attributable to each party.—The court may, and when requested by any party shall, direct the jury to find separate special verdicts determining the amount of damages and the percentage of negligence attributable to each party; and the court shall then reduce the amount of such damages in proportion to the amount of negligence attributable to the person recovering."

der granting summary judgment, this court must construe the evidence presented to the district court liberally in favor of the party opposing the order and accord him 'the benefit of all inferences which might be reasonably drawn.' [Citations omitted.]" 94 Idaho at 918–919, 500 P.2d at 219.

The accident occurred at the intersection of Pole Line Road and Northgate Street in the City of Pocatello. The intersection is a "T intersection" with Northgate Street forming the base of the "T" by intersecting Pole Line Road.

Olsen, proceeding northerly on Pole Line Road, was preparing to turn left onto Northgate. There were at least five or six vehicles following the Michigan loader. While he was signaling for the left turn, or turning left, two or three cars (the record is unclear which number) which had been following Olsen passed Olsen on his left side. Apparently, Olsen had to stop so that some of these vehicles could pass. After these vehicles passed, Olsen started the loader in motion and continued his turn. While he was turning, Olsen collided with the motorcycle driven by Gary Fairchild. Fairchild had been following other vehicles in line behind the Michigan loader and was attempting to pass the loader and two cars when the accident occurred.

The record indicates that the following facts or issues, among others, are in dispute: (a) how many vehicles passed Olsen while he was in the process of turning; did these vehicles pass while Olsen was signaling for the turn or while he was in the act of turning; (b) how far behind the vehicles passing Olsen was the Fairchild motorcycle; (c) what was Fairchild's speed at the time of the accident; (d) because he stopped, did Olsen yield the right of way to Fairchild; (e) should Olsen have seen Fairchild; (f) did Olsen have a statutory duty to comply with the slow moving vehicle statute (I.C. § 49–704A).

Resolution of each of these issues becomes material for determination of the question as to the comparative negligence of the parties on summary judgment. Questions of negligence are within the special competence of the jury because it is the jury's province to find the facts and to apply the reasonable man standard. 10 Wright & Miller, Federal Practice and Procedure: Civil § 2729 (1973). See, Crane v. Banner, 93 Idaho 69, 455 P.2d 313 (1969); Schaefer v. Elswood Trailer Sales, 95 Idaho 654, 516 P.2d 1168 (1973). We conclude that these disputed factual questions present genuine issues of material fact as to the comparative negligence of the parties. I.R.C.P. 56(c). See, Petricevich v. Salmon River Canal Co., 92 Idaho 865, 452 P.2d 362 (1969); Hansen v. Howard O. Miller, Inc., 93 Idaho 314, 460 P.2d 739 (1969); Holve v. Draper, 95 Idaho 193, 505 P.2d 1265 (1973). Therefore, we must conclude that the trial court erred when that court granted the respondents' motion for summary judgment.

In their brief, respondents raise the question of the appellants' failure to comply with Idaho Supreme Court Rule 35 which requires the transcript on appeal to contain a certificate as to the documents used by the trial court on the contested motions. However, respondents did not submit a motion to dismiss except as was made in their brief and the question was not argued during oral argument. The respondents do not argue that the record is not complete nor do they argue that they were prejudiced by the failure to file the certificate. Under these circumstances, we will not consider the respondents' arguments on the Rule 35 issue. Bauscher Grain v. National Surety Corp., 92 Idaho 229, 440 P.2d 349 (1968). See, Mollendorf v. Derry, 95 Idaho 1, 501 P.2d 199 (1972).

The summary judgment is reversed and the case is remanded for a trial on the merits. Costs to appellants.

SHEPARD, C. J., and DONALDSON, McQUADE, and BAKES, JJ., concur.