531 P.2d 1174

Martha Deon Ostergar MUNSON, guardian ad litem for Gaye Ostergar, minor, et al., Plaintiffs-Appellants,

v.

STATE of Idaho, DEPARTMENT OF HIGHWAYS, a civil administrative department of the state of Idaho, et al., Defendants-Respondents.

No. 11594.

Supreme Court of Idaho.

Feb. 21, 1975.

**530**

Kenneth F. Clarke, Clarke & Jarman, Blackfoot, for plaintiffs-appellants.

Jonathan Cottrell, Sp. Asst. Atty. Gen., Faber F. Tway, Legal Counsel, Idaho, Dept. of Transportation, Boise, Kerr & Williams, Blackfoot, for defendants-respondents.

DONALDSON, Justice.

In 1970 Allen Ostergar died from injuries suffered in an automobile accident on State Highway 26 near Blackfoot, Idaho. Ostergar owned the Dodge van in which he was riding, but it was being driven by Joseph Gooch, who also died as a result of the accident. The collision occurred when the van was driven into the rear of a pick-up truck that had been stopped on the highway by the flagman of a State Department of Highways repair crew. The crew was under the immediate supervision of their foreman, James F. Mansfield.

The surviving heirs of Ostergar originally brought an action against several parties [1] alleging liability for the death of Ostergar. Mansfield was among those defendants. The complaint alleged that he wantonly and willingly failed to move the appropriate warning signs up the highway as the work progressed. Thus, the complaint continued, the accident occurred due to Mansfield's gross negligence in failing to warn adequately the oncoming drivers.

The district court granted Mansfield's motion for summary judgment pursuant to I.R.C.P. 56. From that order, this appeal is taken.

Ostergar's surviving heirs, hereinafter referred to as appellants, assign as error the district court's determination of contributory negligence by Gooch and imputing that negligence to Ostergar pursuant to I.C. § 49-1404(1), thus precluding any action by appellants. The appellants also assign as error the trial court's failure to find the doctrine of contributory negligence unconstitutional, and the trial court's failure to hold that contributory negligence is not a defense to allegations of gross

---

1. This group included the State of Idaho, the members of the Idaho Board of Highways, and the Department of Highways. All of these were subsequently dismissed as party-defendants, and that dismissal was affirmed by this Court in Munson v. State Department of Highways, 96 Idaho 38, 524 P.2d 166 (1974).

negligence. For the reasons stated below we do not find it necessary to discuss those issues.

We affirm the order of the district court, but on a theory different from that relied upon by the lower court. Rinehart v. Farm Bureau Mutual Insurance Company of Idaho, Inc., 96 Idaho 115, 524 P.2d 1343 (1974); Lemmon v. Hardy, 95 Idaho 778, 519 P.2d 1168 (1974).

 A summary judgment is proper only in the absence of a genuine issue of material fact. I.R.C.P. 56(c); Fairchild v. Olsen, 96 Idaho 338, 528 P.2d 900 (1974). This determination is based upon all pleadings, affidavits, depositions, and admissions in the record, and all facts contained therein are to be liberally construed in favor of the appellant. City of Weippe v. Yarno and Associates, 96 Idaho 319, 528 P.2d 201 (1974); Fairchild v. Olsen, *supra*.

In light of these requirements, the record discloses that the conditions of the accident were as follows: the Ostergar van, driven by Gooch, approached the work site on a dry highway, with one-quarter to one-half mile of clear visibility as a result of the full daylight; the pickup truck with which the van collided had been stopped by a highway crew flagman wearing a fluorescent red vest and holding a red paddle-type stop sign; the flagman was standing near the pickup; Mansfield, hereinafter referred to as respondent, had failed to move the warning signs up the highway as he told a co-worker he would do;[2] the Ostergar van collided with the rear of the stopped pickup truck, throwing that vehicle approximately 285 feet into the sagebrush beside the road; there is no evidence that the van either slowed down or swerved prior to the collision.

 Within that factual framework the appellants allege that Mansfield's conduct constituted a negligent act resulting in Ostergar's death. The analysis of a negligence question requires consideration of both factual cause and legal cause of the injury. Henderson v. Cominco American, Incorporated, 95 Idaho 690, 518 P.2d 873, (1973); Prosser, Handbook of the Law of Torts, §§ 41, 42 (4th ed. 1971) (hereinafter cited as Prosser). As the Court stated in *Henderson* at page 695, 518 P.2d at page 878, " * * * proximate [legal] cause focuses upon legal policy in terms of whether responsibility will be extended to the consequences of conduct which has occurred. [citations omitted] * * * [while] actual cause * * * is a factual question focusing on the antecedent factors producing a particular consequence [citations omitted]."[3] The relationship is well explained by Professor Green as, "It is the defendant's conduct [actual cause] that inflicts the hurt, but it is the law [legal cause] that makes his conduct negligent." Green, The Causal Relation Issue, 1962, 60 Mich.L.Rev. 543, 551 (hereinafter cited as Green). Thus, the threshold question of negligence analysis is whether the conduct of the defendant was a substantial factor in bringing about the injury suffered by the plaintiff.

 Although the determination of the factual cause of an injury is normally left to a jury, the court may perform that function as a matter of law when the undisputed facts can lead to only one reasonable conclusion. Schaefer v. Elswood Trailer Sales, 95 Idaho 654, 516 P.2d 1168 (1973); Baker v. Barlow, 94 Idaho 712, 496 P.2d 949 (1972). We believe this to be such a situation. The record does not support a contention that the conduct of Mansfield was a factor in the death of Ostergar.

 The driver of an automobile is held to have notice of that which is plainly

---

2. This is disputed by Mansfield but assumed *arguendo* for the purpose of this analysis.

3. While this Court designates factual cause as "actual cause" and legal cause as "proximate cause," other courts include both factual and legal cause under the general term "proximate cause." Although this conflict in terminology oft times complicates the analysis, a careful reading of the cases cited normally clarifies the terminology therein utilized.

visible on the highway before him. Yearout v. Chicago, Milwaukee, St. P. & P. R. Co., 82 Idaho 466, 354 P.2d 769 (1960); Whiffin v. Union Pac. R. R. Co., 60 Idaho 141, 89 P.2d 540 (1939). The repair site was identifiable by the flagman, the pickup truck, the various vehicles of the repair crew, and the members of the crew. All this was clearly visible from a considerable distance. The Ostergar van drove directly into the parked pickup truck. To find that Mansfield's failure to erect yellow, four-foot by four-foot warning signs was an actual cause of Ostergar's death would require a finding that those signs would have provided more notice of the blocked highway than did the obvious blockage itself. This we cannot do. Therefore we find that Mansfield's conduct was not an actual cause of Ostergar's injury. Henderson v. Cominco American, Incorporated, *supra;* Anderson v. Parson Red-E-Mix Paving Company, 24 Utah 2d 128, 467 P.2d 45 (1970); Sturdevant v. Kent, 322 P.2d 408 (Okl.1958); Martin v. Smith, 103 Cal. App.2d 894, 230 P.2d 679 (1951); Prosser, *supra;* Green, *supra.*

Mansfield's activity was not a factual cause of Ostergar's injury and renders moot the assignments of error concerning contributory negligence.

For the reasons stated above the judgment of the district court is affirmed. Costs to respondents.

McQUADE, C. J., and McFADDEN and SHEPARD, JJ., concur.

BAKES, Justice (concurring specially):

I concur in the result reached by the majority but for the reasons which the trial court ascribed. The district judge held that under I.C. 49–1404(1) that the negligence of the operator of the vehicle was "imputed to the owner for all purposes of civil damages." Thus, the admitted negligence of the driver was imputed to the plaintiffs' decedent under § 49–1404(1) and constituted contributory negligence. This Court said as much in Bush v. Oliver, 86

Idaho 380, 386 P.2d 967 (1963). In that case, the Court quoted from Milgate v. Wraith, 19 Cal.2d 297, 121 P.2d 10 (1942), as follows:

" 'Appellant contends that the above-quoted section should be so construed as to limit the imputation of negligence to actions by third persons against the owner. Whatever might have been the proper construction prior to the 1937 amendment, it is now clear that since the passage of that amendment, said section is not susceptible of such construction. *The phrase "the negligence of such person shall be imputed to the owner for all purposes of civil damages" can be interpreted in no other sense than to include actions by the owner against third persons.* Indeed, that was undoubtedly the very purpose of the amendment. If the section were not so interpreted, the added portion would be meaningless, * * *.' " (Emphasis added). 86 Idaho at 384–385, 386 P.2d at 970.

The Court in the *Bush* case then concluded by stating:

"We conclude that the last phrase of I.C. § 49–1404(1), heretofore quoted, must be interpreted to include actions by *or against* third persons and not actions by the owner against the driver." (Emphasis added). 86 Idaho at 386, 386 P.2d at 971.

The trial court correctly followed I.C. § 49–1404(1) as construed in the *Bush* case. I would affirm the judgment of the trial court for that reason.

However, it is necessary to comment on certain statements expressed in the majority opinion with which I strongly disagree. The majority opinion, while assuming that the defendants were negligent for failure to properly put up warning signs, nevertheless concludes that "[t]o find that Mansfield's failure to erect yellow, four-foot by four-foot warning signs, was an actual cause of Ostergar's death would require a finding that those signs would have provided more notice of the blocked highway than did the obvious blockage itself. This

we cannot do." By weighing the evidence and deciding that a vehicle stopped in the roadway at a construction site necessarily provides more notice of the need to stop than would appropriately placed warning signs farther down the road, the majority has invaded the province of the jury and usurped their factfinding function. If it is necessary to decide whether properly placed warning signs would have provided more notice of the blocked highway than did the blockage itself, the jury, not the trial court upon motion for summary judgment or this Court upon appeal, should decide that issue of fact. It is the jury's responsibility to determine if there was negligence and, if so, whether that negligence actually caused the injuries involved.

Aside from my objections concerning the usurpation of the jurors' traditional functions, I further believe the quoted language displays a lack of understanding of the concept of causation in negligence actions. The majority opinion states, "To find that Mansfield's failure to erect yellow, four-foot by four-foot warning signs, was an actual cause of Ostergar's death would require a finding that those signs would have provided more notice of the blocked highway than did the obvious blockage itself. This we cannot do." What that phrase says is that negligence, in order to be actionable, must constitute more than 50% of the proximate cause of the accident. I don't understand that to be the law. The majority earlier said that negligence is an actual cause of an injury when it is a substantial factor in bringing the injury about. This latter statement is accurate. Prosser, Law of Torts, p. 240 (4th ed. 1971); Restatement (2d) of Torts, §§ 431, 433 (1965). But taking the two statements together, the majority is saying that negligence is not a substantial factor unless it is more than 50% of the cause of the accident. I know of no authority supporting that position, and the majority has cited none. In any event, such a finding is an invasion of the province of the jury to find the facts. As stated in Prosser, Law of Torts, at p. 240:

"The defendant's conduct is a cause of the event if it was a material element and a substantial factor in bringing it about. Whether it was such a substantial factor is for the jury to determine, unless the issue is so clear that reasonable men could not differ. It has been considered that 'substantial factor' is a phrase sufficiently intelligible to the layman to furnish an adequate guide in instructions to the jury, and that it is neither possible nor desirable to reduce it to any lower terms. As applied to the fact of causation alone, no better test has been devised."

The plaintiff has shown sufficient facts from which reasonable men could conclude that there were two independent negligent acts, both of which were an actual cause of the accident. The first was the failure of the contractor to erect the appropriate signs, and the second was the negligence of the driver of the Ostergar vehicle in which the plaintiffs' decedent, Mr. Ostergar, was riding. Had there been a third party who was injured by the collision, such as an occupant of the car which the Ostergar vehicle struck, the third party should certainly be able to proceed against either or both of these negligent joint tortfeasors, the driver or the contractor, and should be able to collect damages from either of them. However, the majority, in order to maintain consistency, would still have to say that the signs would not have provided any more notice than the third party's car, and therefore hold that the negligence of the contractor in failing to put out the signs was not an actual cause of the accident. Thus, a third party would have no right of recovery against the contractor, one of the joint tortfeasors. Merely because the majority feels that the driver's negligence contributed to the accident to a greater extent than the contractor's negligence does not mean the contractor's negligence could not be a cause of the accident. Yet this is the effect of the majority opinion, and if it becomes the law it would rewrite the law of joint tortfeasors and set dangerous precedent for the developing law of comparative negligence.